**VIRGIN ISLANDS GOVERNMENT HOSPITALS AND HEALTH FACILITIES CORPORATION, ST. THOMAS/ST. JOHN DISTRICT GOVERNING BOARD OF THE ROY LESTER SCHNEIDER HOSPITAL, Appellant/Petitioner**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF HEALTH, DARLENE E. CARTY, COMMISSIONER OF HEALTH, and ST. THOMAS AMBULATORY SURGICAL CENTER, LLC, Appellees/Respondents**

S. Ct. Civ. No. 2007-125

Supreme Court of the Virgin Islands

September 16, 2008

HENRY L. FEUERZEIG, ESQ.; JULIE K. HOLCOMBE, ESQ., Dudley, Topper, and Feuerzeig LLP, St. Thomas, USVI, *Attorneys for Appellant*.

JOSEPH B. ARELLANO, ESQ., Arellano & Associates, St. Thomas, USVI, *Attorney for Appellee*.

CARROLL, *Justice Pro Tem*; MEYERS, *Justice Pro Tem*; and ROSS, *Justice Pro Tem*.[1]

## MEMORANDUM OPINION

(September 16, 2008)

PER CURIUM. Appellant Virgin Islands Government Hospitals and Health Facilities Corporation, St. Thomas/St. John District Governing Board of the Roy Lester Schneider Hospital (hereinafter "the Hospital") appeals a Superior Court order awarding Appellee St. Thomas

---

[1] Chief Justice Rhys Hodge and Associate Justices Maria M. Cabret and Ive Arlington Swan are recused from this matter. The Honorable James S. Carroll III, the Honorable Ishmael A. Meyers, Sr. and the Honorable Edgar D. Ross have been designated in their place pursuant to title 4, section 24(a) of the Virgin Islands Code.

Ambulatory Surgical Center, LLC (hereinafter "ASC") prevailing party attorney's fees and costs pursuant to 5 V.I.C. § 541. The ASC has also filed a cross-appeal, arguing that the Superior Court erred by reducing its attorney's fee award by 20 percent after having first reduced it by 25 percent. Both the Hospital's appeal and the ASC's cross-appeal will be dismissed and the Superior Court's September 26, 2007 order will be vacated on ripeness grounds.

## I. BACKGROUND

On January 11, 2005, the Hospital filed a petition for writ of review of the Department of Health's "Response to the Request for a Certificate of Need" issued by Commissioner Darlene A. Carty (hereinafter "Commissioner"), alleging that the Commissioner's grant of a Certificate of Need to the ASC was contrary to law and erroneous pursuant to title 19, sections 224, 225, and 226(a) of the Virgin Islands Code. The ASC, as well as the Department of Health, filed a motion to dismiss on numerous grounds on March 30, 2005. After oral arguments on September 16, 2005, the Superior Court allowed the parties to supplement the record. On June 30, 2006, the Court dismissed the action upon concluding that the Hospital lacked standing under title 5, §§ 1421-1423 of the Virgin Islands Code because it was not a "party" within the meaning of the statute. Thus, the court lacked subject matter jurisdiction. *See V.I. Gov't Hosps. & Health Facilities Corp. v. Dep't of Health*, 47 V.I. 430, 440-46 (Super. Ct. 2006).

The Hospital appealed the Superior Court's dismissal to the Appellate Division of the District Court of the U.S. Virgin Islands (hereinafter "Appellate Division") on August 28, 2006. Notwithstanding the Hospital's appeal, on September 6, 2006, the ASC filed a motion for costs and attorneys' fees pursuant to title 5, sections 541 and 546 of the Virgin Islands Code. After considering memoranda submitted by the ASC and the Hospital, on September 26, 2007, the Superior Court granted the ASC's motion and awarded it $38,360.00 in attorney's fees. On November 20, 2007, the Hospital appealed the attorney's fees award to this Court and on December 4, 2007, the ASC filed its notice of cross-appeal. The Hospital's appeal of the dismissal of the underlying action remains pending in the Appellate Division.

278

## II. DISCUSSION

█ Before this Court can decide the merits of the instant appeals, we must first determine if we have jurisdiction over this matter. The Supreme Court of the Virgin Islands "shall have jurisdiction over all appeals arising from final judgments, final decrees, or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a) (1997). A final judgment, decision, or order is one that "ends the litigation on the merits and leaves nothing . . . to do but execute the judgment." *Gov't of the Virgin Islands v. Rivera*, 333 F.3d 143, 150 (3d Cir. 2003) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)). A trial court's grant or denial of attorney's fees is a final judgment, provided that the lower court has quantified the award if it has awarded fees. *American Society for Testing & Materials v. Corrpro Companies, Inc.*, 478 F.3d 557, 566 (3d Cir. 2007). Accordingly, the lower court's order is an appealable final judgment.

### A. The Appellate Division Lacks Jurisdiction Over the Instant Appeals

█ The instant case is unusual in that another appeal involving the same parties in the same underlying litigation is pending in the Appellate Division. The filing of a notice of appeal "does not automatically effectuate the appeal of every judgment or order rendered in the entire case." *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). Rather, "the notice confers jurisdiction only over those orders *in existence at the time it was filed.*" *Reed v. McKune*, 153 Fed. Appx. 511, 513 (10th Cir. 2005) (emphasis added). Thus, an appellate court does not have jurisdiction to review orders issued by the lower court after entry of judgment and after notice of appeal of that judgment had been filed. *Delman v. Federal Products Corp.*, 251 F.2d 123, 128 (1st Cir. 1958).[2] Accordingly, the Hospital's appeal of the Superior Court's June 30, 2006 dismissal of its action did not grant the Appellate Division appellate jurisdiction over the Superior Court's September 26, 2007 award of attorney's fees.

---

[2] Though the Federal Rules of Appellate Procedure do not apply to the Appellate Division, the language used in Appellate Division Rule 4(c) is virtually identical to that in FED. R. APP. P. 3(c)(1), the provision interpreted in *Nolan, Reed,* and *Delman.*

■ Under normal circumstances, the filing of a second notice of appeal would suffice to confer the Appellate Division with jurisdiction to address the attorney's fees order. *See id*; *see also Molina v. Equistar Chemicals LP*, 261 Fed. Appx. 729, 731-32 (5th Cir. 2008). However, the Revised Organic Act of 1954 provides that, upon establishment of the Supreme Court, the Appellate Division shall retain jurisdiction over all pending appeals of Superior Court decisions, but shall lose jurisdiction over appeals not yet taken. 48 U.S.C. § 1613a(d). Because the Supreme Court was established after the Hospital appealed dismissal of its action to the Appellate Division, but before the Hospital and the ASC filed their appeals of the Superior Court's attorney's fees award, the Appellate Division possesses jurisdiction over the lower court's order dismissing the underlying litigation, but lacks jurisdiction over the instant appeals.

## B. The Instant Appeals are not Ripe for Adjudication

■ Although the Superior Court is not an Article III court, at least some aspects of Article III's requirement that a court only rule on actual cases and controversies have been incorporated into Virgin Islands jurisprudence. *See, e.g., Dennis v. Luis*, 741 F.2d 628, 630 (3d Cir. 1984) (holding that traditional concept of standing applies to the Virgin Islands). The ripeness doctrine, which stems "both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction," *Reno v. Catholic Social Servs, Inc.*, 509 U.S. 43, 57, n. 18, 113 S. Ct. 2485, 125 L. Ed. 2d 38 (1993), has been recognized and applied by Virgin Islands courts. *See, e.g., St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322 (V.I. 2007); *Turnbull v. Twenty-Sixth Legislature of the Virgin Islands*, 48 V.I. 127, 131 (V.I. Super. 2006); *Smith v. Robson*, 44 V.I. 56, 63 (Terr. V.I. 2001).

■ The ripeness doctrine applies to motions. When an appellate court concludes that a motion for attorney's fees was not ripe before the trial court, it must "vacate the [trial] court's decision and remand with instructions to dismiss the motion without prejudice." *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1161 (10th Cir. 2007). A ruling on a motion for attorney's fees must be vacated on ripeness grounds "when the presence of ongoing litigation precludes an informed determination of whether the moving party is in fact entitled to attorney's fees under the relevant law." *Id.* at 1162. *See Magee v. Bishop Signs, Inc.*, 458 So. 2d 1174, 1175 (Fla. App. 1984) ("[A]s matters now stand Magee

is the prevailing party . . . However, should Bishop successfully appeal the dismissal of its complaint . . . Magee would not be the prevailing party and thus not entitled to attorney's fees under the statute. Since that potentiality remains, a resolution of the right to attorney's fees cannot be made until the litigation is concluded."). *See also Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 674 (9th Cir. 2005); *Nichols v. Muskingum College*, 318 F.3d 674, 682 (6th Cir. 2003); *Ray v. The Florida Cabinet*, 845 F.2d 311, 314 (11th Cir. 1988).

■ Here, the ASC's motion for attorney's fees — filed one week after the Hospital's Notice of Appeal to the Appellate Division — was not ripe, for the prevailing party cannot be ascertained until the Appellate Division rules on the Hospital's appeal. Since the ASC's attorney's fees motion was not ripe at the trial court level, it is also not ripe at the appellate level. Since this matter is not ripe for adjudication, it is not necessary or appropriate to consider the merits of either appeal at this time.[3]

## III. CONCLUSION

This Court lacks jurisdiction over both appeals because the issue of prevailing party attorney's fees is not yet ripe for judicial review. Accordingly, we dismiss the Hospital's appeal and the ASC's cross-appeal, and vacate the Superior Court's September 26, 2007 order awarding attorney's fees to ASC.

---

[3] We note that, since we do not reach the merits in this case, we make no determination as to the correctness of the trial court's ruling.