## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. NB050550C/7653/03,<br>　　　　Plaintiffs,<br><br>v.<br><br>JUAN GARCIA,<br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. SX-07-CV-141<br><br>ACTION FOR DAMAGES |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. NB050550C/7653/03,<br>　　　　Plaintiffs,<br><br>v.<br><br>JUAN GARCIA,<br>　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. SX-08-CV-404<br><br>ACTION FOR DAMAGES |

Cite as: 2020 VI Super 8

Appearances:

**WARREN B. COLE, ESQ.**
Hunter & Cole
1138 King Street, Ste. 3
Christiansted, VI 00820
　　*Attorney for Plaintiffs*

**MARK L. MILLIGAN, ESQ.**
Mark L. Milligan, P.C.
28A King Street
Christiansted, VI 00820
　　*Attorney for Defendant*

## <u>MEMORANDUM OPINION</u>

**ROBERT A. MOLLOY,** *Judge.*

¶1　**THESE MATTERS** come before the Court on Defendant Juan Garcia's ("Garcia") motion for costs and attorneys' fees. In response to the opposition filed by the Plaintiffs, Certain Underwriters at Lloyd's of London subscribing to policy number NB050550C/7653/03 ("Lloyd's"), Garcia conceded that a portion of the amount requested should be reduced. For the reasons stated below,

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page 2 of 10

2020 VI Super 8

the Court will award Garcia attorney's fees in the amount of $11,814.20 and costs in the amount of $674.20, for a total award of $12,488.40.

## I.   BACKGROUND

¶2     On June 17, 2004, Garcia purchased an automobile insurance policy issued by Lloyd's, insuring him and his vehicle, a 1990 Ford Escort. The policy included several endorsements, however, one of which required Garcia to reimburse Lloyd's for any damages caused if a driver of the vehicle was under the age of twenty-five. On November 17, 2004, Garcia permitted his son, Ronnie Garcia ("Ronnie"), to drive his car. Ronnie was under the age of twenty-five and got into an automobile collision, which caused several thousands of dollars in damages to two individuals, and property damage to a church. Lloyd's settled with the claimants under Garcia's policy and the Virgin Islands compulsory insurance laws.

¶3     Then, on March 13, 2007, Lloyd's filed a complaint in the Superior Court against Garcia seeking reimbursement of the monies Lloyd's paid to the two drivers and the church as a result of the collision. Specifically, Lloyd's alleged that the payout unjustly enriched Garcia. On August 8, 2008, Lloyd's filed a second action, also in the Superior Court, asserting the same claims against Garcia from the same accident. Garcia answered the second complaint and filed a notice in the first action, asserting that the 2007 action should be dismissed because it was identical to the 2008 action. In lieu of dismissal, the Court consolidated the cases. Lloyd's and Garcia each moved for summary judgment. After a hearing, the Court, in a Memorandum Opinion and Judgment, granted Garcia's motion and denied Lloyd's motion. *See generally Certain Underwriters at Lloyd's of London v. Garcia*, 63 V.I. 499 (Super. Ct. 2015). Specifically, the Court "declared that [Lloyd's] may not seek reimbursement from [Garcia] for the collision which occurred on November 17, 2004 involving [Garcia's] vehicle, and that [Garcia] was not unjustly enriched by [Lloyd's] payments made for claims arising from that collision." (Jgmt 2, entered Nov. 25, 2015.)

¶4     Lloyd's appealed to the Virgin Islands Supreme Court.[1] However, after Garcia moved to dismiss the appeal due to Lloyd's failure to prosecute, Lloyd's withdrew the appeal and did not object to Garcia's dismissal motion. The Supreme Court then granted Garcia's motion and dismissed Lloyd's appeal. Garcia then filed his motion in the Superior Court for costs and fees.

---

[1] The appeal was docketed as S. Ct. Civ. No. 2015-0125.

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page **3** of **10**

2020 VI Super 8

## II. LEGAL STANDARD

¶5 Virgin Islands law allows a party in a civil action to recover reasonable costs associated with prosecuting or defending the action. *See* 5 V.I.C. §§ 541-547; *see also Terrell v. Coral World*, 55 V.I. 584 (2011). But Title 5, Section 541(a) of the Virgin Islands Code limits reimbursement of litigation costs to the following: (1) fees of officers, witnesses, and jurors; (2) expenses of taking necessary depositions; (3) publication of summons or notices, and postage if served by mail; (4) compensation of a master; (5) expenses of copying any public record, book, or document used as evidence at trial; and (6) attorney's fees.

¶6 Here, Garcia seeks reimbursement for the costs associated with depositions and attorney's fees. Concerning attorney's fees, Section 541(b) provides that "there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto." 5 V.I.C. § 541(b). Although the phrase "prevailing party" is not defined, courts have construed the phrase to mean "a party who 'has achieved at least some of the benefits which were sought in the litigation, even if judgment is not obtained.'" *Isaac v. Crichlow*, Case No. SX-12-CV-065, 2016 V.I. LEXIS 145, *3 (V.I. Super. Ct. Sept. 29, 2016) (quoting *Melendez v. Rivera*, 24 V.I. 63, 65 (Terr. Ct. 1988)). Additionally, "attorney's fees awards should represent a fair and reasonable portion of the attorney's fees incurred in the prosecution or defense of the action, and not necessarily the whole amount charged by the attorney." *Kallo v. Estate of Small*, 62 V.I. 571, 584 n.11 (2015).

## III. DISCUSSION

¶7 As a threshold matter, there is no dispute that Garcia is the prevailing party here. The Court entered summary judgment in favor of Garcia on all claims Lloyd's filed. Thus, he is entitled to costs and fees. The question is how much, however. Garcia seeks reimbursement of his attorney's fees in the amount of $12,889.20 for two different attorneys who represented him regarding his son Ronnie's collision, as well as expenses associated with taking depositions. Lloyd's opposes granting costs and fees, and challenges the timeliness of the motion as well as excessive, duplicative and unnecessary requests. Lloyd's also argues against retroactively applying *Joseph v. Inter-Ocean Insurance Agency, Inc.*, 59 V.I. 820 (2013).

### A. Timeliness of Motion

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page **4** of **10**

2020 VI Super 8

¶8     As an initial matter, Lloyd's contends that Garcia's motion should be summarily denied because it is untimely. According to Lloyd's, Garcia should have filed his motion within fourteen days after entry of final judgment as provided by Federal Rule of Civil Procedure 54(d)(2)(B). This Court issued the Judgment on November 25, 2015. Garcia filed his motion on February 19, 2016. Thus, Garcia's motion is untimely, Lloyd's argues. And in support, Lloyd's cites to *Kansas Packing Company, Inc. v. Lavilla*, 39 V.I. 71 (Super. Ct. 1998).

¶9     In *Kansas Packing*, a Territorial Court judge concluded that the 14-day time frame provided by Federal Rule of Civil Procedure 54(d) governed motions for indemnification of costs and fees. *See generally id.* at 73-74. However, in *Mahabir v. Heirs of George*, 63 V.I. 651 (2015), the Supreme Court of the Virgin Islands rejected *Kansas Packing* in part because "the 14-day deadline in Federal Rule of Civil Procedure 54(d) . . . conflict[ed] with Superior Court Rule 36(b)" and "a federal rule cannot apply in Superior Court proceedings . . . where it conflicts with . . . another Superior Court Rule." *Id.* at 668 n. 9.  Superior Court Rule 36(b) had provided that all post-trial motions should be filed within 30 days. *See* Super. Ct. R. 36(b) ("Where no deadline is set in these Rules for the filing of post-trial motions, the filing deadline shall be thirty (30) days from final judgment, except with respect to Rule 50 of these rules."), repealed by *In re Amendments to the Rules Gov. the Super. Ct. of the V.I.*, ST-17-MC-019, 2017 V.I. LEXIS 60, *1 (V.I. Super. Ct. Apr. 6, 2017), *as approved by* S. Ct. Prom No. 2017-006, 2017 V.I. Supreme LEXIS 23 (V.I. Apr. 7, 2017). Thus, Lloyd's argument that Federal Rule 54(d) governed Garcia's motion is unavailing.

¶10    Nonetheless, even though Superior Court Rule 36 governed Garcia's motion when he filed it, the Supreme Court of the Virgin Islands subsequently promulgated the Virgin Islands Rules of Civil Procedure, which took effect on March 31, 2017. *See generally In re: Adoption of the V.I. Rules of Civ. P.*, S. Ct. Prom. No. 2017-001, 2017 V.I. Supreme LEXIS 22 (V.I. Apr. 3, 2017). And Rule 1-1(c) of the Virgin Islands Rules of Civil Procedure provides

> that these rules, and subsequent amendments, govern . . . proceedings in any action pending on the effective date of the rules or amendments, unless . . . the Superior Court makes an express finding that applying them in a particular previously-pending action would be infeasible or work an injustice.

V.I. R. Civ. P. 1-1(c)(2)(B). Virgin Islands Rule of Civil Procedure 54(d) provides a 30-day deadline for motions for costs and fees. *See* V.I. R. Civ. P. 54(d)(1)(A) ("Within 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page 5 of 10

2020 VI Super 8

and file with the court a bill of costs . . ."). Thus, whether the Court were to apply Superior Court Rule 36(b) or Virgin Islands Rule of Civil Procedure 54(d)(1)(A), the timeframe would still be 30 days. Thus, applying the newly promulgated Virgin Islands Rules of Civil Procedure is not infeasible and would not work an injustice, even though the new rule was promulgated after Garcia filed his motion. The more pressing issue, however, is when the 30-day clock starts to run.

¶11 The Virgin Islands Supreme Court has repeatedly held that the Superior Court may not exercise jurisdiction over motions for costs and fees while a case is on appeal. *See e.g., Hodge v. Bluebeard's Castle, Inc.,* 62 V.I. 671, 700 (2015) ("[A] motion for attorney's fees is not ripe for adjudication while an appeal is pending."); *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.,* 50 V.I. 276, 280-81 (2008) ("[A] ruling on a motion for attorney's fees *must* be vacated on ripeness grounds . . . when the presence of ongoing litigation . . . precludes an informed determination of whether the moving party is in fact entitled to attorney's fees under relevant law."). This Court issued the final judgment on November 25, 2015. Lloyd's timely appealed on December 23, 2015. Two days remained on the 30-day clock for Garcia to file his motion. But, once the appeal was filed, Garcia was precluded from seeking costs because ongoing litigation, including appellate proceedings, "precludes an informed determination of whether the moving party is in fact entitled to attorney's fees under relevant law." *V.I. Gov't Hosps.,* 50 V.I. at 280.

¶12 By filing the notice of appeal, Lloyd's tolled the 30-day deadline for Garcia to file his post-judgment fees motion. "[T]the Superior Court has no way to determine which party is the 'prevailing party' while the litigation is ongoing." *Hodge,* 62 V.I. at 700. Consequently, this Court's November 25, 2015 Judgment did not become final until the appeal was disposed of by the Supreme Court. *See Hansen v. Bryan,* 68 V.I. 603, 609 (2018) (defining the term "judgment" as "a court's final determination of the rights and obligations of the parties in a case." (citing *Island Tile & Marble, LLC v. Bertrand,* 57 V.I. 596, 615 (2010)). And the Supreme Court did not dispose of the appeal until it granted Garcia's motion and dismissed Lloyd's appeal. As a result, the November 25, 2015 Judgment was not final until February 19, 2016 – the date the Supreme Court dismissed the appeal.[2] Garcia, therefore, had until March 20, 2016, to file his motion for costs and fees.

---

[2] It is also important to note that the Supreme Court issued the Mandate on March 18, 2016. A mandate is "the formal document that divests [the Supreme Court] of jurisdiction and vests it back in the Superior Court." *Williams v. People of*

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page 6 of 10

2020 VI Super 8

¶13    Since Garcia filed his motion on February 19, 2016, well within the 30-day deadline from the date the judgment became final, Garcia's motion is timely. *See Mahabir*, 63 V.I. 651, 664-65 (V.I. 2015) (reaffirming the decision in *V.I. Govn't & Health Facilities Corp.*, 50 V.I. 276, 280-81, "holding that a motion for attorney's fees filed after the Superior Court issues its final judgment is not ripe for adjudication while an appeal is pending.").

### B. Impact of Joseph v. Inter-Ocean Ins. on this Motion

¶14    One other threshold issue remains: an argument Lloyd's raises in a cursory fashion, that the Court should not award costs and fees because these lawsuits pre-date the Supreme Court's decision in *Joseph v. Inter-Ocean Ins. Agency, Inc.*, which held that, pursuant to Title 22, Section 703(b) of the Virgin Islands Code, insurance companies must provide coverage up to the compulsory policy limits for drivers who operate insured vehicles with the permission of the named insured, regardless of whether the endorsement excluded any driver under the age of twenty-five from coverage. That decision was issued on September 25, 2013, while these cases commenced in 2007 and 2008, respectively. But the fact *Joseph* was issued after this litigation commenced is not relevant here.

¶15    Nonetheless, precluding an award of costs and fees based on a decision that clarified existing law would be akin to creating a first impression exception to section 541 which the Supreme Court already declined to adopt. *See Hansen v. Bryan*, 68 V.I. 609, 613-14 (2018) (declining to create an "issue of first impression" exception to section 541 because "prohibiting the recovery of costs and attorney's fees in appeals involving issue of first impression – at least for the next decade, if not longer – would be equivalent to imposing a categorical ban on recovery of appellate costs and attorney's fees.").

### C. Deposition Transcripts

¶16    Garcia seeks reimbursement for costs in the amount of $674.20 related to deposition transcripts. The expenses associated with these transcripts relate to the depositions of Juan Garcia, Drucilla Elliott, Freddy Ortiz, Jr., and Ronnie Garcia. Garcia supported these expenses by attaching copies of the invoices submitted by the certified court reporter. Section 541(a)(2) explicitly allows for reimbursement of "[n]ecessary expenses of taking depositions which were reasonably necessary

---

the Virgin Islands, 58 V.I. 341, 350-51 (2013).  Thus, this Court did not have jurisdiction to rule on any post-judgment motions prior to the issuance of the mandate.

in the action . . .." Lloyd's do not argue that these depositions were not reasonably necessary. Thus, the Court will award Garcia costs in the amount of $674.20.

### D. Attorney's Fees – Mark Milligan, Esq.

¶17    In his motion, Garcia initially sought reimbursement for $13,265.00 in attorneys' fees for work performed by Attorney Mark Milligan and Attorney Renee Dowling. With regards to work performed by Attorney Milligan, Garcia submitted four invoices detailing the work performed, the amount of time spent, and the hours billed by Attorney Milligan. According to the invoices, Attorney Milligan charged rates of $150.00, $175.00, $225.00, $250.00, and $300.00 per hour for various services rendered.[3] Specifically, invoice numbers 2009-004, 2010-142, 2011-005, and 2016-102 identify services performed and fees charged in amounts of $2,875.00,[4] $782.50,[5] $1,575.00,[6] and $6,982.50,[7] respectively, totaling legal fees of $12,215.00 for 48.45 hours of work performed. Lloyd's objects in part because certain entries are duplicative and excessive, and argue, therefore, that fees should not be awarded.[8]

¶18    First, Lloyd's contends that the number of hours billed on November 3, 2008 on invoice no. 2009-004 is excessive and should be reduced to no more than 0.5 hours. Garcia agrees. So, the Court will reduce the amount accordingly. Next, Lloyd's argues that 2.0 hours for the entry related to January 29, 2009 on invoice no. 2009-004 is excessive and should be reduced to no more than 1.0 hours. This entry concerns legal services performed in preparing responses to several requests for admission. After reviewing the requests Lloyd's served on Garcia, the Court does not find two hours to be an unreasonable amount of time to spend on this activity. Thus, Lloyd's objection is rejected. Third, Lloyd's contends that the September 13, 2010 entry on invoice no. 2011-05 is identical to the

---

[3] Garcia's motion explicitly states that he is seeking reimbursement for attorney's fees charged by Attorney Milligan for $250.00 for out-of-court legal expenses and $300.00 for in-court legal expenses However, the invoices suggest otherwise. *See infra* notes 3-6.

[4] Invoice No. 2009-004 lists a total of 11.5 hours of legal work performed billed at a rate of $250.00 per hour.

[5] Invoice No. 2010-142 lists a total of 3.8 hours of legal work performed billed at rates of $150.00, $175.00, and $225.00 per hour.

[6] Invoice No. 2011-005 lists a total of 6.3 hours of legal work performed billed at a rate of $250.00 per hour.

[7] Invoice No. 2016-102 lists a total of 26.85 hours of legal work performed billed at rates of $250.00 and $300.00 per hour.

[8] Plaintiffs do not object to the hourly rates charged by Garcia's counsel.

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page **8** of **10**

2020 VI Super 8

September 13, 2010 entry on invoice no. 2010-142. Because both entries concern "Pre-deposition Conference with Client" and are clearly duplicative, the Court will disallow the 1.0 hour time spent on invoice no. 2011-005 and exclude $250.00 for this entry. Lloyd's also objects to the September 14, 2010 entry on invoice no. 2011-005 as duplicative of the September 14, 2010 entry on invoice no. 2010-142. Garcia conceded that it was duplicative and withdrew his request for 2.3 hours for this line item. Thus, the Court will disallow $750.00 from this invoice. Finally, Lloyd's objects to 1.5 hours spent on November 9, 2015, shown on invoice no. 2016-102, as excessive, arguing that, because Garcia's counsel already spent 2.0 hours on November 7, 2015 preparing for oral argument on the summary judgment motions, the additional 1.5 hours preparing two days later should be disallowed. Garcia's counsel reaffirms, in response, that that additional time was necessary to conduct a comprehensive and thorough review of the file and preparation for court. In light of the history of this case, the precedential opinions issued, the issues involved, and this Court's policy of encouraging counsel to come to Court fully prepared, the Court will not disallow the additional time. Accordingly, Lloyd's objection to this final entry is overruled.[9]

### E. Attorney's Fees – Renee Dowling, Esq.

¶19 In addition to seeking an award of costs for legal services performed by Attorney Milligan, Garcia also seeks costs for work performed by Attorney Renee Dowling, specifically in the amount of $1,050.00. *See* Attorney's Bill of Cost submitted by Mark L. Milligan, Esq. dated Feb. 19, 2016 ("Additionally, upon information and belief, Juan Garcia was forced to expend $1,050 in pre-litigation legal fees which he paid to Renee D. Dowling, Esq. (as shown by the attached receipts, marked Group Exhibit "B") involving consultation and other legal representation . . ."). Garcia attached two receipts signed by Attorney Dowling in support, purportedly demonstrating that he paid her $550.00 as a consultation fee and retainer on December 10, 2004, and another receipt dated April 6, 2005, showing that he paid an additional $450.00 as a retainer fee. Neither document itemizes any work Attorney Dowling performed, what hourly rate she charged, nor what hours were

---

[9] Plaintiffs argue that the Court should not award attorney's fees for those amounts Garcia has not paid to his attorneys. Plaintiff has not cited any authority that a prevailing party must first pay his legal fees before the Court can award fees. Contrary to Plaintiffs' argument, Virgin Islands law allows a prevailing party to recover costs regardless of whether those costs have been paid by that party. *See* 5 V.I.C. § 543(c) ("Costs which a party is entitled to recover must be taxed, whether or not they have been paid by such party."). Thus, the Court rejects this argument.

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page 9 of 10

2020 VI Super 8

expended for legal services. Lloyd's object to the request, claiming it is not supported by affidavit and because the fees are not itemized. *See* Pl.s' Opp. to Mot. for Indemnification of Cost at 4. The Court will, in this instance, exercise its discretion to disallow the request. Two reasons support this conclusion.

¶20    First, the legal services performed by Attorney Dowling pre-dated the first lawsuit by approximately two years. Although Garcia, in support, submitted letters Attorney Dowling wrote on his behalf to a representative of Lloyd's concerning the underlying accident, the letters are dated December 13, 2004, March 14, 2005, and March 17, 2005. Lloyd's did not file the 2007 action until March 13, 2007, and the 2008 action was filed on August 8, 2008. The letters were not sent, nor was the work Attorney Dowling performed, done in defense of any action. Section 541(b) allows a prevailing party to be reimbursed "for his attorney's fees in maintaining the action or defenses thereto." Moreover, Section 543(b), title 5, of the Virgin Islands Code provides that:

> Before any bill of costs is taxed, the party claiming any item of cost shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred *in the case* and that the services for which fees have been charged were actually and necessarily performed. (emphasis added).

Based on a plain reading of the sections 541(b) and 543(b), this Court concludes that a prevailing party may recover costs and fees – including attorney's fees – incurred in a particular case, but only *after* legal proceedings have been initiated in court.

¶21    Second, Garcia did not itemize the hours that Attorney Dowling worked nor the rates she charged. In deciding whether to grant attorney's fees to the prevailing party, the Court must provide an "explanation of how it calculated a reasonable rate of attorney compensation [and] which hourly fee entries it was basing the award on." *Mahabir v. Heirs of George*, 63 V.I. 651, 668 (2015); *accord Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the court may reduce the award accordingly."). Garcia had the burden to demonstrate that Attorney Dowling's fees were reasonable and necessary. Yet, based on the information he provided, the Court is unable to make that determination. Thus, even if Garcia could recover for work done by an attorney before a case is commenced, the Court would still have to disallow the

*Certain Underwriters at Lloyd's of London v. Garcia*
Case Nos. SX-07-CV-141 and SX-08-CV-404
Memorandum Opinion
Page **10** of **10**

2020 VI Super 8

amount spent to retain Attorney Dowling. Accordingly, the Court will disallow the $1,500.00 fees requested for services performed by Attorney Dowling.

## IV. CONCLUSION

¶22    For the reasons stated above, the Court finds that Garcia's motion is timely and properly before this Court. The Court also concludes that Garcia is entitled to reimbursement of costs in the amount of $674.20 for deposition transcripts and legal fees for legal services performed by Attorney Mark Milligan in the amount of $11,814.20. But the Court will not award attorney's fees for services provided by Attorney Renee Dowling before either of these cases were commenced.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** January 15, 2020

**ROBERT A. MOLLOY**
Judge of the Superior Court

**ATTEST:**
ESTRELLA H. GEORGE
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____