

**FILED**
March 24, 2026 10:49 AM
ST-2024-CV-00313
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| JOHN GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. ST-2024-CV-00313** |
| -vs- ) | |
| ) | |
| GOVERNMENT OF THE VIRGIN ISLANDS, ) | ACTION FOR WRONGFUL |
| VIRGIN ISLANDS HOUSING FINANCE ) | SUSPENSION; CONSTRUCTIVE |
| AUTHORITY (VIHFA), DAYNA CLENDINEN ) | DISCHARGE; BREACH OF |
| Personally and Officially ) | CONTRACT; DEBT |
| INTERIM EXECUTIVE DIRECTOR VIHFA, ) | |
| DR. STEPHANIE BERRY ) | |
| Personally and Officially ) | **JURY TRIAL DEMANDED** |
| CHIEF OPERATING OFFICER VIHFA, ) | |
| ) | |
| Defendants. ) | |

Cite as 2026 VI Super 13U

### MEMORANDUM OPINION AND ORDER

¶1 Pending before the Court are:

1. Defendants' [sic] Motion to Dismiss, filed October 11, 2024 (filed on behalf of Government of the Virgin Islands);

2. Defendants Virgin Islands Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, filed October 21, 2024 (filed on behalf of all Defendants except Government of the Virgin Islands);

3. Plaintiff's Opposition to Defendants' Motion to Dismiss, filed November 12, 2024.

4. Defendants VIHFA, Dayna Clendinen, and Dr. Stephanie Berry's Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, filed December 13, 2024 (filed on behalf of all Defendants except Government of the Virgin Islands).

¶2 For the reasons set forth below, the Defendants' motions to dismiss based upon Virgin Islands Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) will be granted.

### BACKGROUND

¶3 In his Complaint, the Plaintiff, a resident of St. Croix, states that he was employed at Virgin Islands Housing Finance Authority (VIHFA) starting in November 2008 as Director of Planning

and Construction.[1] Plaintiff alleges that on June 13, 2023, Plaintiff was suspended (by Defendant Dr. Stephanie Berry) without pay from this position and later not allowed to return to work.[2] Plaintiff claims this termination was unlawful as Plaintiff did not violate any of Defendants' rules or regulations to justify suspension or termination.[3] Plaintiff also claims that he was forced to retire from the Government of the Virgin Islands to receive an income through his annuity.[4] Plaintiff claims that on June 13, 2023, he began the process of grieving the suspension.[5]

¶4      Plaintiff states that on June 27, 2023, he filed an appeal of his suspension with the Interim Executive Director of VIHFA, Dayna Clendinen but that Clendinen never formally issued a decision in Plaintiff's appeal.[6] He claims that on December 29, 2023, he filed a formal appeal with the VIHFA Board of Directors, but it never formally issued a decision.[7] His three-count Complaint alleges: (I) Wrongful Suspension/Discharge under the V.I. Wrongful Discharge Act ("WDA"), (II) Breach of Contract, and (III) Constructive Discharge.

¶5      Defendants claim that VIHFA suspended Plaintiff on June 13, 2023, for two weeks for unsatisfactory work performance, conduct, and repeated acts of insubordination.[8] They state that Plaintiff began a long leave of absence for medical reasons on June 15, 2023, never returned to work, and decided to retire on November 30, 2023.[9] On March 15, 2024, pursuant to 3 V.I.C. § 530, Plaintiff filed a formal appeal of his suspension with the Public Relations Board (PERB), and on May 20, 2024, PERB issued its decision.[10]

¶6      Pursuant to Title 3 of the Virgin Islands Code, Section 530(a), PERB ruled that it did not have jurisdiction over Plaintiff's appeal because Plaintiff did not appeal to the PERB within the required ten days.[11] Plaintiff received the letter of suspension on June 13, 2023, but he filed the appeal of suspension on March 15, 2024.[12] Lastly, the PERB noted that only "regular" employees are subject to 3 V.I.C. § 530, but PERB found that Plaintiff did not qualify as one because his position was listed as "EXEMPT" and he did not show that he was appointed in the classified or

---

[1] Complaint, August 1, 2024, ¶7.

[2] Complaint, August 1, 2024, ¶9.

[3] Complaint, August 1, 2024, ¶¶9–11.

[4] Complaint, August 1, 2024, ¶12.

[5] Complaint, August 1, 2024, ¶13.

[6] Complaint, August 1, 2024, ¶¶14–18.

[7] Complaint, August 1, 2024, ¶¶19–22.

[8] Defendants Virgin Islands Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, October 21, 2024, ¶3.

[9] Defendants Virgin Islands Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, October 21, 2024, ¶4.

[10] Defendants Virgin Islands Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, October 21, 2024, ¶5–6.

[11] 3 V.I.C. § 530(a); Exhibit B, October 21, 2024, 7.

[12] Exhibit B, October 21, 2024, 7.

career service or served in a temporary position for more than two years in the department.[13] As a result, PERB dismissed the appeal due to lack of jurisdiction from the untimely filing of the appeal of suspension.[14]

¶7    PERB additionally mentions appeal rights at the end: "Any party aggrieved by any final order of the PERB issued under section 530 or 531 of [Chapter 25], may appeal to the Superior Court of the Virgin Islands. An application for review must be filed within 30 days after the date of the Final Order and name the PERB as a party respondent."[15] In particular, the rest of 3 V.I.C. § 530a(a) states: "The rules of procedure of the Superior Court regarding a writ of Review shall govern the appeal proceeding. An application not filed in a timely manner shall entitle the prevailing party or PERB to summary judgment enforcing the final order of the PERB."[16]

## LEGAL STANDARDS

¶8    The scope of jurisdiction of this Court, Virgin Islands Rule of Civil Procedure 12(b)(1), and Rule 12(b)(6) are the applicable legal standards.

### A.  Jurisdiction of this Court

Subject to the original jurisdiction conferred on the District Court by section 22 of the Revised Organic Act of 1954, as amended, effective October 1, 1991, the Superior Court shall have original jurisdiction in all civil actions regardless of the amount in controversy; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and decrees pertaining to the support of relations.[17]

### B.  Virgin Islands Rule of Civil Procedure 12(b)(1)

¶9    Virgin Islands Rule of Civil Procedure 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject matter jurisdiction.[18] As Rule 12(b)(1) is a jurisdictional attack, the Court must consider that motion before reaching 12(b)(6) motions.[19] A Rule 12(b)(1) motion

---

[13] Exhibit B, October 21, 2024, 8–9.

[14] Exhibit B, October 21, 2024, 9.

[15] 3 V.I.C. § 530a(a).

[16] 3 V.I.C. § 530a(a).

[17] 4 V.I.C. § 76(a).

[18] V.I. R. Civ. P. 12(b)(1).

[19] *Brunn v. Dowdye*, 59 V.I. 899, 904 (V.I. 2013) (citing *V.I. Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008)) ("Prior to considering the merits of a matter before it, a court is obligated to examine

may be treated either as facial or factual.[20] The difference, as explained by the Virgin Islands District Court, is that "[o]n a facial attack, a court must accept the allegations in the complaint as true" whereas with a factual challenge "the plaintiff's allegations are not presumed to be true."[21] With a facial attack, the Court only looks to the complaint and any documents referenced in or attached to the complaint in a light most favorable to the plaintiff.[22] However, when the challenge is factual, the Court must evaluate the merits of the jurisdictional claim based on the evidence offered by either party and the plaintiff is not afforded a presumption of truthfulness.[23]

### C. Virgin Islands Rule of Civil Procedure 12(b)(6)

¶10     Virgin Islands Rule of Civil Procedure 12(b)(6) allows a party to challenge a pleading for "failure to state a claim upon which relief can be granted."[24] To survive a 12(b)(6) motion, the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief,"[25] and "[t]he facts alleged in the pleadings, and any inferences drawn therefrom must be viewed in the light most favorable to the plaintiff."[26] All material allegations in the complaint are taken as true, and the Court must construe all facts in a light most favorable to the non-moving party.[27] "Even if a complaint is 'vague,' 'inartfully drafted,' 'a bare-bones outline,' or 'not a model of specificity,' the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief..."[28] The purpose of a motion to dismiss at this stage of litigation "is to test the

---

whether it has subject matter jurisdiction over the dispute."); *see also In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").

[20] *Racz v. Cheetam*, 2019 VI SUPER 99U, ¶ 8 (citing *Raymond v. Assefa*, Super. Ct. Civ. No. ST-15-CV-185, 2017 V.I. LEXIS 153, at *2 (V.I. Super. Nov. 8, 2017) (unpublished); then *Williams v. Juan F. Luis Hosp.*, 2019 VI Super. 54U, ¶ 3) ("Rule 12(b)(1) motions attacking the court's subject-matter jurisdiction may either be treated as facial or factual.").

[21] *Weiss v. Maccaferri, Inc.*, Civil No. 14-46, 2016 U.S. Dist. LEXIS 50436, at *4 (D.V.I. Apr. 11, 2016) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891, 892 n.17 (3d Cir. 1977)) (unpublished); *see also* James-St. Jules v. Thompson, Civil No. SX-2009-CV-00136, 2015 V.I. LEXIS 74, at *6-7 (V.I. Super. Ct. June 25, 2015) (unpublished).

[22] *Hansen v. Gov. Juan F. Luis Hosp. & Med. Ctr.*, Case No. SX-2015-CV-00509, 2018 V.I. LEXIS 87, at *4-5 (V.I. Super. Ct. June 33, 2018) (citing *James-St. Jules v. Thompson*, Civil No. SX-2009-CV-00136, 2015 V.I. LEXIS 74, at *7 (V.I. Super. Ct. June 25, 2015) (unpublished)) (unpublished).

[23] *Id.* at *5 (citing *Weiss*, 2016 U.S. Dist. LEXIS 50436, at *4; then *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3rd Cir. 2017).

[24] V.I.R. CIV. P. 12(b)(6).

[25] V.I.R. CIV. P. 8(a)(2).

[26] *Adams v. North West Company (International), Inc.*, 63 V.I. 427, 438 (V.I. Super. Ct. 2015) (citing *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 566 (V.I. 2012)).

[27] *L'Henri, Inc. v. Vulcan Materials Co.*, Civ. No. 206–170, 2010 WL 924259, at *1 (D.V.I. Mar. 11, 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

[28] *Basic Servs., Inc. v. Gov't of Virgin Islands*, 2019 VI 21, ¶12 (citing *Casaday v. Allstate Ins. Co.*, 232 P.3d 1075,

sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case."[29] Further, "matters outside of the pleadings should not be considered in deciding a Rule 12(b)(6) motion to dismiss."[30]

¶11    Since Virgin Islands Rule 8(a)(2) explicitly states that the Virgin Islands is a notice pleading jurisdiction, a plaintiff merely needs to provide a basic legal and factual basis for her claim to put a defendant on fair notice of the claims brought against him.[31] In fact, "[t]he complaint need not identify the particular legal theories that will be relied upon, but it must describe the essence of the claim and allege facts sufficient to demonstrate that the complaining party has been injured in a way that entitles him or her to relief."[32] This standard is reinforced by the policy that litigants should not be expected to win their cases on the pleadings but rather be given their day in court,[33] and the standard is necessarily a more liberal and forgiving approach that is different from the *Twombley* plausibility standard.[34] Essentially, Rule 8(a)(2) allows the Court to proceed with the discovery process and address pleadings based on the merits of each asserted claim,[35] and "[p]leadings . . . must be fatally defective before they may be rejected as insufficient."[36]

## ANALYSIS

¶12    The claims against the Government of the Virgin Islands ("GVI") and VIHFA will be dismissed pursuant to Rule 12(b)(1), and the claims against Clendinen and Berry will be dismissed pursuant to Rule 12(b)(6).

---

1080 (Utah App. 2010)).

[29] § 39:32. General standards for a Rule 12(b)(6) dismissal, 6 Annotated Patent Digest § 39:32

[30] *Id.* at § 39:32.

[31] *See Bank of Nova Scotia v. Flavius*, Super. Civ. No. SX-16-CV-125, 2018 WL 745958, at *6 (Super. Ct. Feb. 2, 2018).

[32] *Howe v. MMG Ins. Co.*, 95 A.3d 79, 81-82 (Me. 2014) (internal quotation marks omitted).

[33] *See Carrillo v. Boise Tire Co., Inc.*, 274 P.3d 1256, 1267 (Idaho 2012) ("The Idaho Rules of Civil Procedure set forth a system of notice pleading intended to free litigants from what were once rigid pleading requirements.").

[34] *See Walsh v. U.S. Bank, N.A.*, 851 N.W.2d 598, 604-05 (Minn. 2014) ("After all, Minnesota is a notice-pleading state and 'does not require absolute specificity in pleading, but rather requires only information sufficient to fairly notify the opposing party of the claim against it.'"); *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011) ("Tennessee follows a liberal notice pleading standard, . . . which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court."); *McCurry v. Chevy Chase Bank, FSB*, 233 P.3d 861, 864 (Wash. 2010) (en banc) ("Under CR 12(b)(6) a plaintiff states a claim upon which relief can be granted if it is *possible* that facts could be established to support the allegations in the complaint.") (emphasis in original).

[35] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("The liberal notice pleading of [Federal] Rule [of Civil Procedure] 8(a) . . . was adopted to focus litigation on the merits of a claim.").

[36] *Corwin v. British American Tobacco PLC*, 796 S.E.2d 324, 333 (N.C. Ct. App. 2016).

## I. GVI is not a proper party to this suit.

¶13     Plaintiff's claims against GVI will be dismissed pursuant to Rule 12(b)(1) of the Virgin Islands Rules of Civil Procedure. In its Motion to Dismiss, GVI argues that while the Legislature of the Virgin Islands granted VIHFA in its enabling statute the power to sue and be sued,[37] the VIHFA is autonomous and separate from GVI.[38] Additionally, GVI enjoys sovereign immunity and cannot be sued by Plaintiff without the consent of GVI, which GVI has not granted.[39] Plaintiff's motion also does not address these particular matters. As a result, this Court does not have subject-matter jurisdiction, and GVI's 12(b)(1) motion will be granted.

## II. Claims against VIHFA are untimely.

¶14     Plaintiff's claims against the Plaintiff's claims against VIHFA will also be dismissed pursuant to Rule 12(b)(1) of the Virgin Islands Rules of Civil Procedure. For Defendant VIHFA, the claims brought by Plaintiff in this suit are, in effect, an appeal of PERB's previous decision. In the PERB decision, the matter concerned John Green as the Appellant and VIHFA as the sole Respondent.[40] As Defendants argue, by statute, Plaintiff had 30 days to appeal PERB's Decision and Order (from May 20, 2024) to this Court.[41] However, Plaintiff filed the Complaint on August 1, 2024, which is over the 30-day statutory timeframe for the appeal. In *Frazer v. Police Benevolent Ass'n, Local 816*, this Court faced a similar issue with a party exceeding the specific timeframe for bringing a suit to this Court after a decision by PERB.

> "Although Frazer did not explicitly ask the Court to review the PERB decision, Frazer's failure to follow the statute establishing a specific procedure for invoking the Superior Court's jurisdiction deprives the Superior Court of jurisdiction to review Frazer's arguments under 4 V.I.C. § 76(a), which broadly confers the Superior Court with original jurisdiction in all civil actions."[42]

Due to this Complaint exceeding the limits of the specific procedural timeframe outlined in 3 V.I.C. § 530a(a), this Court does not have jurisdiction.

---

[37] 21 V.I.C. § 103.

[38] Defendants' Motion to Dismiss, October 11, 2024, 1–5.

[39] *Sovereign Immunity*, BLACK'S LAW DICTIONARY (11th ed. 2019); Defendants' Motion to Dismiss, October 11, 2024, 5.

[40] Exhibit B, October 21, 2024, 1.

[41] Defendants V.I. Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, October 21, 2024, 6; 3 V.I.C. § 530a(a).

[42] *Frazer v. Police Benevolent Ass'n, Loc. 816*, No. ST-13-CV-168, 2017 WL 2495487, at *4 (V.I. Super. June 7, 2017).

¶15    As stated in 3 V.I.C. § 530a(a), "… An application not filed in a timely manner shall entitle the prevailing party or PERB to summary judgment enforcing the final order of the PERB." The Plaintiff lists VIHFA as a Defendant for all three Counts in the Complaint. As Defendants argue, all of these Counts are based upon issues already addressed by PERB regarding Defendant VIHFA. As a result, this Court will grant Defendants Rule 12(b)(1) motion and not disturb PERB's ruling.

¶16    Additionally, for other Defendants not included as parties within the PERB decision (mainly Clendinen and Berry), this Court, under the collateral estoppel doctrine, will accept PERB's decision that Plaintiff was not a regular employee subject to 3 V.I.C. § 530.[43] The four factors to bar prelitigation of an issue under the doctrine of collateral estoppel have all be met: (1) the issue of whether the Plaintiff was a regular employee was actually and necessarily decided by the previous PERB decision, (2) the adjudication of the prior action was a final and valid decision on the merits of the Plaintiff's employment status; (3) the Plaintiff, the party against whom the doctrine is being asserted, was a party to the prior action; and (4) the Plaintiff had a full and fair opportunity to litigate the issue of his employment status before the PERB.[44]

### III. Claims against Clendinen and Berry

¶17    Plaintiff's claims against Clendinen and Berry will be dismissed pursuant to Rule 12(b)(6).

### A. Counts I and III

¶18    Counts I (wrongful suspension) and III (constructive discharge) arise from the WDA. But as the Defendants argue, the WDA does not include public employers, and VIHFA is a public employer.[45] For instance, "public employer" means "the executive branch of the Government of the Virgin Islands and any agency or instrumentality thereof including, but not limited to… the Virgin Islands Housing Authority…"[46] VIHFA is a "body corporate and politic constituting a public corporation and autonomous governmental instrumentality of the Government of the Virgin Islands…"[47] Similarly, in *Frorup-Alie v. V.I. Hous. Fin. Auth. (VIHA)*, the District Court of the Virgin Islands held that VIHFA is a public employer and that the Plaintiff in that case was barred from bringing a claim under 24 V.I.C. § 76 against Defendant VIHFA.[48] Because VIHFA is a public employer, and public employers are exempt from the WDA, the VIHFA and its officers (such as Clendinen and Berry in their official capacities) are therefore not subject to claims under the WDA.

---

[43] Exhibit B, October 21, 2024, 8.
[44] *Schrader-Cooke v. Gov't of Virgin Islands*, 72 V.I. 218, 233, 2019 VI SUPER 167, ¶ 17 (Super. Ct. 2019).
[45] 24 V.I.C. § 62.
[46] 24 V.I.C. § 362(i).
[47] 21 V.I.C. § 103.
[48] *Frorup-Alie v. V.I. Hous. Fin. Auth. (VIHA)*, No. CIV. NO. 200-0086, 2003 WL 23515136, at *6 (D.V.I. Oct. 26, 2003).

¶19    Similarly, Clendinen and Berry cannot be sued in their personal capacities under the WDA. The WDA concerns issues between employers and employees. As the Defendants argue, the WDA's definition of an employer includes "any person acting in the interest of the employer," and a person acts as an employer only in an official capacity.[49]

## B. Count II

¶20    For Count II (Breach of Contract), the Plaintiff's claim against Clendinen and Berry (in both their official and personal capacities) will similarly be dismissed pursuant to Rule 12(b)(6). Plaintiff's claim in Count II in the Complaint alleges the following.

¶21    VIHFA had an employee handbook that provided standards of conduct and procedures.[50] The "practice and policy" of the "Defendant" [sic] "was not to impose suspension or termination as a penalty except for just cause."[51] Furthermore, "during the period of Plaintiffs employment, the practice and policy of the Defendants was that Plaintiff would have a job so long as he performed his job in a satisfactory manner and suspension or termination, if any would occur only in accordance with the company's policies and practices."[52]

¶22    Additionally, while not expressly stated in the Complaint, in Plaintiff's Opposition to Defendants' Motion to Dismiss, Plaintiff argues that the parties had "an oral agreement through the words expressed by the Defendants" that Plaintiff's employment would be continued "so long as Plaintiff's work was satisfactory."[53] The Plaintiff also argues that there was "an implied in fact" contract with conduct between the Plaintiff and Defendants where Defendants would continue to pay Plaintiff as long as Plaintiff "performed the duties outlined by Defendants in a satisfactory manner."[54] But Plaintiff claims that his "suspension was without just cause and therefore in violation of the employment contract, the language in the handbook, the past practice of the Defendants' and the reasonable expectations of Plaintiff."[55]

¶23    Plaintiff's argument has critical flaws. First, Plaintiff appears to be amending his Complaint in his Opposition to Defendants' Motion to Dismiss by adding that the Plaintiff and Defendants also had an "oral agreement" and "implied in fact" contract through conduct.[56] However, as previously

---

[49] 24 V.I.C. § 62; Defendants V.I. Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, October 21, 2024, 14.

[50] Complaint, Aug. 1, 2024, ¶28.

[51] Complaint, Aug. 1, 2024, ¶29.

[52] Complaint, Aug. 1, 2024, ¶30.

[53] Plaintiff's Opposition to Defendants' Motion to Dismiss, November 12, 2024, 3.

[54] Plaintiff's Opposition to Defendants' Motion to Dismiss, November 12, 2024, 3.

[55] Complaint, Aug. 1, 2024, ¶23.

[56] Plaintiff's Opposition to Defendants' Motion to Dismiss, November 12, 2024, 3.

stated by the District Court, "An Opposition to a Motion to Dismiss will not be allowed to cure a deficiency in the pleading. Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citations omitted)."[57] Second, Plaintiff's argument is premised on the assumption that he could only be terminated for just cause. But PERB already ruled that Plaintiff is not a regular employee (under 3 V.I.C. § 530). Furthermore, this Court has previously held that employees who are not regular employees are exempt employees, and exempt employees "can be terminated without cause."[58] As an exempt employee, the Plaintiff's employment relationship would also have been at-will.[59] Without a modification, Plaintiff's at-will employment status would give Plaintiff no contractual interest in or right to continued employment.[60]

¶24    "Courts in the Virgin Islands have historically recognized four elements underlying a claim for breach of contract: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages."[61] Here, Plaintiff's Complaint identifies alleged agreements by naming "the employment contract," "employee handbook," and "practice and policy" of Defendant(s).[62] However, due to the PERB's ruling, Plaintiff's claims are fatally defective. The very nature of Plaintiff's employment status at VIHFA included that Plaintiff could be terminated without cause. Plaintiff therefore has not demonstrated a legal or factual basis for relief because PERB already eliminated the basis for the claimed breach. Even if the Court considered Plaintiff's later, improperly pleaded argument concerning oral agreements and implied in fact contracts, such conclusory legal allegations do not meet the threshold standard.

Based upon the foregoing, it is hereby

**ORDERED** that Defendants'[sic] Motion to Dismiss, filed October 11, 2024 (filed on behalf of Government of the Virgin Islands) is **GRANTED**; and it is further

**ORDERED** that Defendants Virgin Islands Housing Finance Authority, Dayna Clendinen, and Dr. Stephanie Berry's Motion to Dismiss Complaint, filed October 21, 2024 (filed on behalf of all Defendants except Government of the Virgin Islands), is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED**; and it is further

---

[57] *Gautier v. Gov't of Virgin Islands*, No. CV 2012-076, 2014 WL 4412336, at *2 (D.V.I. Sept. 8, 2014).

[58] *Schrader-Cooke v. Gov't of Virgin Islands*, 72 V.I. 218, 231, 2019 VI SUPER 167, ¶ 15 (Super. Ct. 2019).

[59] *Schrader-Cooke v. Gov't of Virgin Islands*, 72 V.I. 218, 234, 2019 VI SUPER 167, ¶ 24 (Super. Ct. 2019).

[60] *Schrader-Cooke v. Gov't of Virgin Islands*, 72 V.I. 218, 235, 2019 VI SUPER 167, ¶ 27 (Super. Ct. 2019).

[61] *Phillip v. Marsh-Monsanto*, 66 V.I. 612, 620 (2017) (citations omitted).

[62] Complaint, Aug. 1, 2024, ¶23.

*Green v. Government of the Virgin Islands, et al.*
Case No. ST-2024-CV-00313
Memorandum Opinion and Order
Page 10 of 10

2026 VI Super 13U

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to Attorneys Kelsha P. Williams and Kyle R. Waldner, and Assistant Attorney General Sheena Conway

DATED: 3/24/26

_____
**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____ 03/24/2026
**LATOYA CAMACHO**
Court Clerk Supervisor ____/____/____