OF THE VIRGIN ISLANDS



**FILED**

February 03, 2026 07:59 AM
ST-2025-CV-00378
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| ST. CLAIR MAGRAS, SR., | ) | |
| | ) | **CASE NO. ST-2025-CV-00378** |
| Plaintiff, | ) | |
| | ) | **RE: Case No. ST-2025-SM-00131** |
| v. | ) | |
| | ) | |
| BERNARD GIBS and PAULA HENDERSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**2026 VI Super 6U**

ST. CLAIR MAGRAS, SR.
St. Thomas, VI
*Pro se*

JALICHA PERSAD, ESQUIRE
VIRGIN ISLANDS DEPARTMENT OF JUSTICE
St. Thomas, VI
Counsel for Defendants[1]

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon an Order of Transfer from the Magistrate Division to the General Jurisdiction Civil Division of this Court, entered October 27, 2025;[2] and Defendants' "Moton to Dismiss for Lack of Personal Jurisdiction," filed November 14, 2025, in which the Government argues that "Plaintiff has sued employees of the Government of the Virgin Islands, acting in their official capacity," and that "Plaintiff has not served any party in compliance with applicable rules," thus challenging this Court's personal jurisdiction over the Defendants due to an asserted failure to serve the Government and its agents in accordance with Virgin Islands

---

[1] As the Court discusses below, the Government of the Virgin Islands has appeared on behalf of Defendants asserting an obligation to defend these Defendants and further asserting the Government's right to appear by counsel. No evidence has been filed in support of this assertion, and Defendants have not had private counsel appear on their behalves.

[2] On October 27, 2025, the Government of the Virgin Islands, acting by an assistant attorney general, filed a "Motion to Transfer Case to the Civil Division of the Superior Court," which was subsequently granted.

**2026 VI Super 6U**

Rule of Civil Procedure 4.  For the reasons stated below, the Defendants' motion to dismiss is **DENIED**; and this matter is transferred back to the Magistrate Division.

## BACKGROUND

On September 15, 2025,[3] Plaintiff filed a Small Claims Complaint[4] naming as Defendants Bernard Gibs and Paula Henderson—but not naming the Government of the Virgin Islands. Plaintiff alleges that, on May 19, 2025, Defendant Gibs was in a "fender bender" and rear-ended Plaintiff.  Plaintiff was instructed to take the police report, two estimates, and an administrative claim form to the Department of Justice for processing, which was done on June 11, 2025.  Plaintiff periodically called for an update on the status of his claim.  Plaintiff's last communication was with Ms. Paul Henderson, litigation support specialist, on September 11, 2025, who advised Plaintiff that the matter would not be settled "anytime soon."  The damages evidence in the Complaint was not more than $2,900.[5]

On September 30, 2025,[6] Magistrate Judge Van Holten-Turnbull held a hearing at which Plaintiff appeared; however, the Defendants had not been found for service.  Plaintiff was instructed that he needed to subpoena the Department of Justice and the Commissioner of Property and Procurement because the Defendants are government employees.  The hearing was continued to allow Plaintiff time to serve Defendants.

---

[3] *See generally* V.I.R. CIV. P. 3; V.I. E-FILING R. 5(d); *see also* V.I. E-FILING R. 5(c).

[4] No amended Complaint has been filed, and the Complaint before the Court remains the same Small Claims Complaint completed by Plaintiff and filed in the Magistrate Division.

[5] The allegation of damages does not limit the amount to be recovered, and Plaintiff could recover any compensatory damages for which the Plaintiff has evidence.

[6] The Order indicates a hearing on February 20, 2024; however, that would predate the filing of the Complaint.  Thus, this Court views it as a scrivener's error, as the body of the Order clarifies the hearing was on September 30, 2025.

**2026 VI Super 6U**

On October 27, 2025, Defendants, through Assistant Attorney General Jalicha Persad, moved for an order transferring this action from the Small Claims Division to the General Jurisdiction Civil Division of this Court because "of the Government of the Virgin Islands' statutory right to legal representation in all civil proceedings, a right which cannot be exercised in the Small Claims Division."[7] The Government based this request for transfer on an unsworn statement that:

> Defendants Bernard Gibs and Paul Henderson, at all times relevant to the complaint were acting in their official capacities within the executive branch. As this action is against government officials, it is an action against the Government of the Virgin Islands, which is entitled to legal representation by the Attorney General.[8]

There are neither exhibits nor affidavits attached to the three-page motion, and on at least one occasion, the record reflects one of the Defendants as being a former employee of the Government.

On October 27, 2025, without a hearing, Magistrate Judge Van Holten-Turnbull entered an Order transferring the Small Claims case to the Superior Court Civil Division. The Order transferring the matter was in part, due "to the defendants being Government Employees and based on the Government of the Virgin Islands' statutory right to legal representation in all civil proceedings."[9]

On November 14, 2025, Defendants moved this Court for a dismissal pursuant to V.I. R. Civ. P. 12(b)(2) for lack of personal jurisdiction due to a lack of Legal Notice to Defendants, as Plaintiff has failed to properly effectuate service of process in compliance with Virgin Islands Rule of Civil Procedure 4.[10] The Government argued as follows:

---

[7] Motion to Transfer Case to the Civil Division of the Superior Court, p. 1.
[8] *Id.*
[9] Court Order entered October 27, 2025.
[10] Motion to Dismiss, p. 1.

**2026 VI Super 6U**

> service shall be made by serving a summons and a copy of the complaint on the Governor and upon the Attorney General of the Virgin Islands. V.I. R. Civ. P. 4 (i)(1). . . . Similarly, to serve a governmental officer or employee in their official capacity the Plaintiff must serve . . . a copy of the summons and complaint on the chief executive officer of the entity, and also serve a copy of the summons and complaint on any officer or employee named in the action. V.I. R. Civ. P. 4 (i)(2). And to serve a governmental officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on behalf of the government, the Plaintiff must serve the Government of the Virgin Islands as provided in Rule 4(i)(1), and also serve the officer or employee as provided in Rule 4(e), (f), or (g). V.I. R. Civ. P. 4 (i)(3).

While this statement of law is correct, the Government takes the absolutely monumental quantum leap from this unremarkable statement of law to its application to……..nothing. There is no answer; so, the only pleading is the Small Claims Complaint, making it the only source of factual allegations. No affidavit has been submitted in support of any filing, either in the Magistrate Division, or this Division of the Court. Yet the Government offers the following conclusion in its motion:

> Accordingly, to achieve personal jurisdiction over the Defendants Plaintiff must serve the Executive Director of the Taxicab Commission, the Governor of the Virgin Islands, and the Attorney General.

Without either an allegation in a pleading or a statement under penalty of perjury, there is absolutely no evidence before the Court from which it could factually be found that either Defendant was employed by the government; what department/division/office/etc. of the Government was responsible for supervising either supposed employee of the Government; whether either Defendant was, in fact, acting with authorization and within their scope of employment at the time the accident occurred (assuming they were Government employees/agents); etc. The Court could spend more time speculating as to what facts would serve to present an evidentiary basis for the relief sought by the Government, but it need not. As the

Party seeking relief from the Court, it was the Government who bore the burden of proof to present evidence affirmatively establishing a basis for the requested relief.[11]

## ANALYSIS

This matter is before this Court on an order of transfer and a motion to dismiss for failure of service of process both based on the unsworn statements of counsel that the Defendants are Virgin Islands government officials. This presents two issues for the Court. First, there is the question of whether the Government has adequately presented its argument for dismissal or failed to properly present its objection to Plaintiff's attempts at service of process thus waiving such objections and subjecting itself to the Court's personal jurisdiction. Second, there is a question of whether this matter should be remanded to the Magistrate Division for findings of fact in the first instance as to whether the Defendants were acting with the scope of their Government employment (thus requiring the Government to abide by its statutory obligation to step in and defend this matter). Both questions will be addressed in turn.

I. **Because the Government Failed to Meet its Obligation to Factually Support its Challenge to the Adequacy of Plaintiff's Legal Notice, it Waived Any Such Objection and, by Filing a Motion to Dismiss, has Sought Affirmative Relief from this Court thereby Waiving Any Objection and Subjecting Itself to this Court's Personal Jurisdiction.**

Unsworn statements of counsel are not evidence.[12] The Government attempts to avoid the consequences of its evidentiary failure by arguing the following, "While Plaintiff's complaint is

---

[11] *See generally* 5 V.I.C. § 740(5) ("In civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory the finding shall be according to the preponderance of evidence . . . ."). Because it is the Government who sought transfer, it was their burden to prove "the affirmative of the issues."

[12] *Rouse v. People*, 78 V.I. 717, 742 (V.I. 2024) ("Even more to the point, this Court has rejected the rule that an attorney's unsworn representations to the court constitute evidence. *See* [*Dennery I*], 55 V.I. 986, 994 (V.I. 2011) ('In-court statements by attorneys acting as advocates are not evidence.').").

**2026 VI Super 6U**

imprecise, it would appear that Plaintiff has sued employees of the Government of the Virgin Islands, acting in their official capacity."

Yet the allegations in the complaint, however generously interpreted, only support the conclusion that the Plaintiff somehow received information that he could obtain compensation by filing an administrative claim with the Government and that the Government has, to date, not made payment. Notably, there is nothing in the record indicating that the Government has affirmatively acknowledged that either Defendant was acting within the scope of their employment and actually employed by the Government at the time of the accident. There is also no allegation or statement of fact as to the nature of Defendants' employment, in which Government department he or she worked, and who his or her supervisor was. The facts before the Court only support the conclusion that the Defendants made some sort of factual assertion to the Plaintiff that led the Plaintiff to believe there was potential for prompt resolution through an administrative claim process.

"[A] party challenging whether a plaintiff has complied with the applicable requirements for service must submit [a declaration under penalty of perjury] or other competent evidence showing that service in compliance with the applicable rule was never achieved, unless the facts in the record demonstrate a failure to make a *prima facie* showing that service was accomplished."[13] In the absence of any evidence that the Government has admitted the Defendants were employed by and acting on behalf of the Government, there is no factual basis to conclude service upon the Government is necessary. There is also a complete absence of factual support for the identification of Executive Director of the Taxicab Commission as the appropriate agency head

---

[13] *Skepple v. Bank of N.S.*, 69 V.I. 700, 731 (V.I. 2018) (citing *Molloy v. Independence Blue Cross*, 56 V.I. 155, 172 (V.I. 2012); *Settlemier v. Sullivan*, 97 U.S. 444, 447 (1878); *Thomas v. Bonanno*, Civil No. 2013–06, 2013 WL 3958772, at *3 (D.V.I. July 30, 2013) (unpublished)).

for service of process. Because there is a complete absence of evidentiary support, the motion to dismiss for lack of service of process is denied.

Because service of process is a personal right, a defendant can waive that right by not sufficiently asserting an argument in opposition in a timely manner.[14] Like the defendant in *Skepple*, the Government has waived any objection to service of process by failing to support its motion to dismiss—assuming the unsupported factual assertions of the Government can, in the future, be supported by a declaration under penalty of perjury (or other evidence)—and is subject to the Court's personal jurisdiction.[15]

---

[14] For example, in *Skepple*, the Virgin Islands Supreme Court found that the defendant's choice to make a different argument on appeal than at the trial level waived both arguments. 69 V.I. at 722-24. The Court then further concluded that, by waiving those arguments, the defendant had 1) sought affirmative relief from the Court and 2) not preserved defendant's objections to the adequacy of legal notice, thus subjecting the defendant to the Court's personal jurisdiction (and obviating any further need for service of process upon remand). *Id.* at 744-47.

[15] As the Third Circuit long ago explained:

> Under Civil Procedure Rule 12 . . . a defendant is expressly given the right, at [their] option, to assert by motion before answer or in [their] answer itself a jurisdictional defense such as that of lack of jurisdiction over [their] person. The rule states that 'No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.' If [a defendant] chooses to assert the defense in [their] answer, rather than by motion,[they] must include with it all other defenses of every kind, meritorious as well as jurisdictional, which are available [at the time of filing the motion or answer]. . . . Rule 12 permits a defendant to raise a jurisdictional defense even though [their] voluntary appearance has already called into existence the potential power of the court to adjudicate the merits of [the] controversy. The rule requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised, and, if the question is decided in the defendant's favor, to refrain from further exercising over [that defendant] the power which [the] appearance [by Rule 12(b) motion] has given it.

*Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944); *e.g.*, *Atrium, V.I., LLC v. Atrium Staffing, LLC*, 69 V.I. 259, 284 (V.I. Super. 2018) (quoting *Orange Theatre*); *see also Skepple*, 69 V.I. at 747 & n.39 (citing *Orange Theater*). This interpretation and application of Rule 12 (i.e., requiring a defendant to assert all then-available preliminary defenses in a single pre-answer motion so as to avoid piecemeal preliminary attacks that drive up costs and create delays and holding that the failure of such arguments results in the waiver of objections to any of the fours aspects of personal jurisdiction identified in *Skepple*) is consummate with the purpose of the Rules of Civil Procedure. "'The [Virgin Islands] Rules [Civil Procedure] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)); *accord Toussaint v. Stewart*, 67 V.I. 931, 947 & n.13 (V.I. 2017) ("In keeping with the intent and spirit of the rules of the Superior Court governing pleadings and amendments, decisions on the merits

This does not end the Court's inquiry. While the Government has waived all objections to any supposed inadequacy in Plaintiff's service of process, the same asserted facts relied upon in its attack upon the adequacy of the Legal Notice it received in this matter are the foundation of its motion to transfer the matter out of the Magistrate Division.

II.      **For the Same Reasons the Motion to Dismiss Lacked Factual Support—the Absence of any Factual Declarations Under Penalty of Perjury (or Other Evidence) in Support—the Magistrate Division's Transfer Order was Without Factual Support and was, therefore, Erroneous.**

The General Jurisdiction Division, like the Magistrate Division, is obligated to ensure it is acting within its subject matter jurisdiction.[16] The Magistrate Division is the appropriate place for finding the facts that would determine if this falls in the specific jurisdiction of Small Claims or should be transferred.[17] Plaintiff used the form Small Claims Complaint in compliance with the Virgin Islands Small Claims Rules, and the exhibits attached thereto indicate a claim of approximate $2,900. Facially, the complaint specifically alleges damages of $10,000 or less

---

are favored, and dismissal of claims 'on the basis of such mere technicalities' are to be avoided. (quoting Foman and collecting cases)."); *see also* V.I.R. Civ. P. 1; V.I. Super. Ct. R. 1; *see generally Newrez, LLC v. Est. of Green*, 2025 VI SUPER 30U, n.61 (citing and quoting parenthetically *Evans-Freke v. Evans-Freke*, 75 V.I. 407, 462 (V.I. 2021) (Swan, J., concurring) ("*They*, merriam-webster.com, http: www.meriam-webster.com/dictionary/they (last visited Oct. 25, 2021) (updating the usage of they to '[be] used with a singular antecedent to refer to an unknown or unspecified person' or 'to refer to a single person whose gender identity is nonbinary')."); *Captain's Command v. Bonner*, 2025 VI SUPER 19U, n75 (same); *Caribbean Off the Grid Plaza, Inc. v. Hoolink, LLC*, 2025 VI SUPER 28U, n.32 (same); *Captain's Command v. D'Andrade*, 2025 VI SUPER 31U, n.70 (same); *St. Thomas Cargo & Ship Servs., Inc. v. Braga*, 2025 VI SUPER 40, n.127 (same).

[16] *Davis v. People*, 78 V.1. 624, 638 (V.I. 2023) ("This Court has repeatedly cautioned that parties may not. through explicit agreement or implicitly by omission, stipulate to the law; and thus, the Superior Court possesses an obligation to apply the law correctly and not blindly follow the erroneous interpretations proffered by the parties." (internal quotations and alterations omitted) (citing *Simmonds v. People*. 59 V1. 480, 493 (V.I. 2013); *Heywood v. People*, 63 V.I. 846, 855 (V.I. 2015); *Henry v. Dennery*, S. Ct. Civ. No. 2012–0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (unpublished))); *Brunn v, Dowdye*, 59 V.1. 899, 904 (V.I. 2013) ("Prior to considering the merits of a matter before it, a court is obligated to examine whether it has subject matter jurisdiction over the dispute. [If] the pertinent [statutory] provisions . . . are jurisdictional, the Superior Court correctly questioned whether the statute's requirements were satisfied." (citing *VI Gov't Hosp. & Health Facilities Corp. v. Gov't of the V.1.*, 50 V.I. 276. 279 (V.I. 2008))).

[17] *Keating-Smith v. Mustafa*, 78 V.I. 866, 885-94 (V.I. 2024) (holding that the Magistrate Division is the appropriate place for initial fact finding as to jurisdiction when such matters appear to be with the subject matter jurisdictions of cases assigned to the Magistrate Division).

**2026 VI Super 6U**

establishing a presumption that Small Claims Subject Matter Jurisdiction exists.[18]    The Government has presented no facts to rebut this presumption.

Importantly, the purpose of a Small Claims Proceedings is efficient, informal, and inexpensive resolution of disputes involving small amounts of money in order to promote the ends of justice by preventing any damages award being consumed by attorney's fees, court costs, and the costs associated with delayed adjudication of rights and obligations.[19]    Additionally, unlike private citizens who have a Constitutional Due Process right to counsel,[20] the Government has no Due Process rights.[21]    As such, the requirement of service of process upon the Government is founded in litigation management, *i.e.*, allowing the Government time and opportunity to marshal the machinery of government to investigate and defend.    Therefore, requiring the Government to provide substantive support for a transfer motion prior to such a motion being granted does not impinge upon any supposed constitutional right to counsel.[22]

---

[18] *Braga*, 2025 VI SUPER 40, ¶ 16 ("It is legally significant that '[t]he Clerk of Court may issue a form and instructions that, if completed, will satisfy the requirements of [V.I. SM. CL. 2(a)].'  . . .  By using the Small Claims Complaint provided by the Court, a plaintiff enjoys a presumption of compliance with Rule 2(a)(1)," and, thus, enjoys the presumption that Small Claims Subject Matter Jurisdiction exists. (citation omitted and alterations in original))

[19] *See generally Braga*, 2025 VI SUPER 40, ¶23 ("Issues in a Small Claims [Proceeding in] the Magistrate Division are reviewed subject to the consideration that the Small Claim's Division is directed to do substantial justice.  To that end, the rules of evidence are relaxed; and attorneys are prohibited from appearing in Small Claims Proceedings. Therefore, the goal of Small Claims Proceedings must infuse consideration of all issues . . . ." (citations omitted)); *see also Stewart*, 2025 VI Super 44U, ¶66 & nn. 148-49

[20] *See generally* V.I. SM. CL. R. 2(c) (declaring the circumstances under which parties to a Small Claims Proceeding waive their right to, *inter alia*, counsel) (Comment: "Rule 2(c) and (d) harmonize the small claims procedure with the constitutional rights to due process, representation by counsel, and a jury trial. . . .  Rule 2(d) safeguards the rights of defendants by requiring transfer of a case out of the Small Claims Division, as of right, if an attorney enters an appearance for the defendant, or the defendant requests to be represented by an attorney, before the Small Claims trial . . . .").

[21] *Blyden v. Gov't of the V.I.*, 64 V.I. 367, 374 (V.I. 2016) ("To the extent the Government is attempting to raise a constitutional due-process argument, the Government has no constitutional right to due process . . . .  Instead, the Government's right to service of process [(as well as other "rights" similar to the Due Process rights of human beings)] is governed solely by Virgin Islands statutory and procedural law . . . ." (citations omitted)).

[22] The Virgin Islands Rules of Civil Procedure support this conclusion.  Rule 25(a)(3) requires that any motion to substitute a party who died during litigation must be served upon non-parties. V.I.R. Civ. P. 25(a)(3).  However, Rule 25(d) simply mandates that a successor to a government office "is automatically substituted as a party."  V.I.R. Civ.

**2026 VI Super 6U**

As such, if the Court is to preserve the purposes of Small Claims Proceedings, the Government must be required to present adequate factual support that the Government is both factually entitled and obligated to defend any Small Claims Defendants **prior to** an order of transfer being entered.[23]  Such evidentiary proof necessarily includes factual statements under

---

P. 25(d).  Rule 25(a)(3) is a recognition of the Constitutional requirement of legal notice.  Rule 25(d) is a recognition that service upon the Government is largely an administrative requirement, thus obviating the need for legal notice upon the substituted government official because the Government has already received notice and marshalled its resources to investigate and defendant the matter (and is, in fact, currently defending any pending lawsuit).

[23] The Court wants to specifically recognize that this interpretation would appear to contradict the plain text of the Virgin Islands Small Claims Rules, which require transfer from the Small Claims Division to the General Jurisdiction Civil Division merely upon, *inter alia*, the filing of a notice of appearance by counsel.  V.I. SM. R. 2(d)(2).  However,

> there is some nuanced differentiation [between how] Court rules and statutes are interpreted . . . , with rules interpreted more flexibly concentrating on the rule's purpose in achieving a trial for the truth to meet the ends of justice.  This Court is to apply the 'Dictionary Definition Rule,' which requires that:  the courts of the Virgin Islands, when engaging in statutory interpretation, to first, apply any statutory definitions provided by the Legislature that are specifically applicable to the section, chapter, title, etc. under consideration; second, apply the general definitions provided in section 41 of title 1; third, apply an accumulated legal meaning as articulated in binding precedent; fourth, apply the relevant definition provided in a law dictionary or relevant persuasive authority; fifth, apply relevant technical definitions such as when professional jargon is used; and sixth, apply the common meaning as provided in a dictionary.  Court rules 'are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances.'  '[C]ourts generally interpret rules of . . . procedure 'in light of the history of their adoption.'  Further, the Virgin Islands Supreme Court has mandated that the Virgin Islands Rules of Civil Procedure 'be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every proceeding.'  Under this standard, so long as the rule's purpose is not subverted, a rule should be flexibly applied, 'bending the rule and softening the harsh result dictated by its literal application.'

*Hoolink*, 2025 VI SUPER 28U, ¶ 10 (alterations in original and internal quotations omitted) (quoting *Littoral Woodlands, LLC v. Henry*, 2025 VI Super 13, ¶66; citing *Gov't of the V.I. v. Knight*, 989 F.2d 619, 626–27 (3d Cir. 1993); *Fallen v. United States,* 378 U.S. 139, 142 (1964), *abrogated on other grounds by Carlisle v. United States,* 517 U.S. 416, 424 (1996)); *Corraspe v. People*, 53 V.I. 470, 481 (V.I. 2010); *Captain's Command*, 2025 VI Super 19U, ¶12; V.I.R. CIV. P. 1; V.I. SUPER. CT. R. 1(a))).  In light of the Legislature's intended purpose in creating a small claims regime, interpreting the Virgin Islands Small Claims Rules as requiring the Government to make an initial factual showing of any named Small Claims Defendant's entitlement to representation by the Office of the Virgin Islands Attorney General furthers that purpose.  Notably, the Virgin Islands Small Claims Rules only apply to a "Party" to the litigation.  Arguably, the plain language of the rule prohibits even a government attorney from filing anything in a Small Claims Proceeding and requires the specifically named defendant to make any such filing.  Such interpretations of the Small Claims Rules appear overly rigid and to undermine the purpose of Small Claims Proceedings.  In the context of interpreting court rules, an interpretation that undermines the very purpose of both the proceeding and the Court's rules governing such a proceeding is manifestly absurd.  *See Littoral Woodlands*, 2025 VI SUPER 13, ¶¶ 64-65 ("'[C]ourts must assume that the legislature intends for the entirety of the statutory language, as well as the whole statutory scheme, to be effective, unless to do so would lead to unjust or absurd results or would otherwise undermine the legislative intent.'  'While 'regard for the purposes of the statute should infuse the

**2026 VI Super 6U**

penalty of perjury sufficient to identify the government department/office in which the named defendant(s) was working/employed and the official in charge of that department/office upon whom service of process must be effectuated. It may also include documentary evidence capable of judicial notice.

While the Government is obligated to defend all court cases through the Office of the Virgin Islands Attorney General, the Government is likewise obligated to present adequate evidence to support its asserted obligation to defend any Small Claims Defendant prior to the granting of a transfer from the Small Claims Division of this Court by the Magistrate Division to the General Jurisdiction Civil Division. If the Government were allowed to obtain such relief based upon unsupported factual assertions, Small Claims Plaintiffs could be forced to expend large

---

construction of the legislation if it is to be treated as a working instrument of government and not merely as a collection of English words,' laws must be read, understood, and applied in light of the practical affairs of people in society as it exists and in such a manner as to effectuate the purpose of the statute, not undermine it. The rules and canons of statutory interpretation and construction have the overarching objective that 'all laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or absurd consequences. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter.' 'Although such a statement is a gross oversimplification, it is commonly said to be 'black-letter law' that, if the plain language of the statute discloses the legislative intent, the interpretive inquiry is at an end. While this rule of statutory construction is an easy starting point, one should be mindful that, though a literal interpretation of statutory language is preferred, 'the intention prevails over the letter' requiring that a literal reading of any statute be avoided if such a reading would be contrary to its objective, *i.e.,* legislative intent. Essentially, the language of a statute must be considered as the conclusive statement of legislative intent, unless the legislature has unequivocally shown its intent to be the contrary. Certainly, 'the surest way to misinterpret a statute is to follow its literal language without reference to its purpose.'" (alterations in original and internal quotations omitted) (quoting *Willis,* 71 V.I. at 825; citing *Cornelius v. Bank of N.S., 67* V.I. 806, 822 (V.I. 2017); *Dupigny v. Tyson,* 66 V.I. 434, 440 (V.I. 2017); *In re Visteon Corp.,* 612 F.3d 210, 226 (3d Cir. 2010); *United States v. Dotterweich,* 320 U.S. 277, 280 (1943); *Gov't of the V.I. v Berry,* 604 F.2d 221, 225 (3d Cir. 1979); *Commonwealth v. Regan,* 64 N.E. 407, 407 (Mass. 1902); *United States v Wells,* 519 U.S. 482, 491, 498-99 (1997); *Viacom Int'l, Inc. v. FCC,* 672 F.2d 1034, 1040 (2d Cir. 1982); *Gilbert v. People,* 52 V.I. 350, 356 (V.I. 2009); *Lopez v. People,* 60 V.I. 534, 537 (V.I. 2014))). In light of the goal of low cost resolution without the involvement of lawyers, interpreting the Virgin Islands Small Claims Rules as both allowing a Government Attorney to file on behalf of a named Small Claims Defendant in order to seek a transfer of the matter and requiring such a request (made in the interests of a Small Claims Defendant who is, in fact, being sued in their official capacity) to be supported by either documentary evidence capable of judicial notice or factual declarations under penalty of perjury (or both) promotes the goals of a Small Claims Proceeding.

amounts of money on attorney's fees litigating whether such transfer was warranted. Such a scenario would entirely defeat the purposes of Small Claims Proceedings in which the parties must proceed *pro se*.

Requiring adequate factual support to establish that a named Small Claims Defendant was employed by the Government and in what capacity by what division/office of the Government prior to granting such a transfer merely requires the Government to produce the same evidence it would later be required to produce but at a more appropriate time in the proceeding that ensures reduced litigation costs.[24] When all other parties are required to proceed *pro se*, allowing the Government to obtain relief, *i.e.*, transfer out of the Small Claims Division, by a motion filed by a lawyer that is based on unsupported assertions of fact is simply unfair to Small Claims Plaintiffs and undermines the Legislature's intended purposes of Small Claims Proceedings.

Therefore, this matter is hereby returned to the Magistrate Division where the Magistrate Judge shall make: (1) factual findings in order to determine whether the facts support a transfer and (2) findings whether the transfer motion is, in actual fact, warranted (or whether the Plaintiff is entitled to have his claims remain within the subject matter jurisdiction of the Small Claims Division). This procedure was not implemented.

## CONCLUSION

Because the Government inadequately supported its challenge to the adequacy of Plaintiff's service of process, it has waived any such objection and submitted itself to the Court's personal jurisdiction. Absent factual support and findings of fact by the Magistrate Division, the order

---

[24] *See generally* V.I.R. Civ. P. 1 (requiring Court Rules to be applied in a way to achieve prompt and low-cost resolution of cases).

**2026 VI Super 6U**

transferring this matter from the Small Claims Division to the General Jurisdiction Civil Division was factually unsupported and, thus, erroneous. Accordingly, it is hereby

**ORDERED** that this matter is returned to the Magistrate Division; and it is further

**ORDERED** that the Magistrate Division shall make its supplemental fact finding, as outlined above, within 30 days of the entry of this order; and it is further

**ORDERED** that, upon completing its supplemental fact finding, as outlined above, the Magistrate Division shall either retain jurisdiction or immediately order the transfer of this matter in accordance with the facts as found and the Virgin Islands Small Claims Rules; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

**DATED:** February 3, 2026

_____
**HONORABLE SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:** _____
**DONNA D. DONOVAN**
Court Clerk Supervisor _02_ / _04_ / _2026_