OF THE VIRGIN ISLANDS



**FILED**
February 10, 2026 02:17 PM
ST-2025-CV-00250
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

SERGIO LAPLANTE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
GLENVILLE THOMPSON AND ERICA　　)
THOMPSON,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendants.　　　　)
　　　　　　　　　　　　　　　　　　)

**CASE NO. ST-2025-CV-00250**
**RE: Case No. ST-2025-SM-00042**

**2026 VI Super 7U**

ST. CLAIR MAGRAS, SR.
St. Thomas, VI
*Pro se*

GLENVILLE AND ERICA THOMSPON
St. Thomas, VI
*Pro Se*

## MEMORANDUM OPINION AND ORDER

¶1　　**THIS MATTER** is before the Court upon an Order, entered July 8, 2025, transferring this Matter to the General Jurisdiction Civil Division from the Magistrate Division. The Magistrate Judge, pursuant to V.I. Small Claims Rule 2(d)(4)(5), which provides that "an action filed in the Small Claims Division shall be automatically transferred to the Civil Division if: …. (4) the court determines that the Small Claims Division lacks jurisdiction over the case; or (5) the court finds other good cause for a transfer, such as a need to proceed with discovery," determined that discovery was needed and entered the transfer order.

¶2　　The Magistrate Judge believed that the preliminary testimony taken at the Small Claims Trial provided evidence that this matter could not be heard within the limited bounds and summary procedure of the Small Claims Proceeding.

**2026 VI Super 7U**

¶3     After a review of the record, this Court determines that this matter is not within the General Jurisdiction of the Court and it is returned to the Magistrate Division for it to exercise its Small Claims subject matter jurisdiction.  Having failed to establish the elements, Plaintiff's oral request for a preliminary injunction is **DENIED**, and for the reasons stated below, this matter is remanded to the Magistrate Division.

## BACKGROUND

¶4     On February 20, 2025, Plaintiff filed a Small Claims Complaint[1] against Defendants alleging that from January of 2024, Plaintiff had spoken to Defendants about their sewage overflowing into his yard.  On January 24, 2025, Plaintiff alleges that the Virgin Islands Department of Planning and Natural Resources (DPNR) issued a citation to Defendants for the overflow and sewage in his yard.  At the time of filing the Complaint, Plaintiff alleged that Defendants had done nothing to correct the overflow.  To his Complaint, Plaintiff attached a copy of a report from DPNR with discrepancies observed during an inspection on January 24, 2025.  Plaintiff also attached a Certificate of Analysis dated January 28, 2025.

---

[1] V.I. SM. CL. R. 2(a) ("A Small Claims action is commenced by filing a complaint with the Clerk of the Court."); *Parris v. Nurse,* 76 V.I. 492, 501 (V.I. 2022) ("[G]eneral provisions in title 5 state that the limitations subtitle 'applies to suits[,] which are brought in one form of action known as 'civil action' pursuant to [the Federal Rules of Civil Procedure.]' The Federal Rules of Civil Procedure — and identically in the present V.I. Rules of Civil Procedure — define commencement of an action.  The applicable rule provides that a civil action is commenced by the filing of a complaint." (alterations in original) (quoting 5 V.I.C. § 1; and citing FED. R. CIV. P. 3; V.I. R. CIV. P. 3; *Kelley v. Gov't of the V. I.,* 59 V.I. 742, 745-46 (V.I. 2013))).

**2026 VI Super 7U**

¶5     Defendants did not file an answer,[2] leaving the Small Claims Complaint as the only source

of facts.[3]  In the Small Claims Complaint, the Plaintiff alleges two claims.[4]  The first was for

"Trespass" upon Plaintiff's real property based upon the past overflow of Defendants' wastewater.

¶6     The second was not pled and was founded upon Plaintiff's belief that, even though

Defendant's implemented the remedial measures ordered by DPNR, the implemented remedial

measures were inadequate.  Plaintiff admitted in the Small Claims Complaint that the past

---

[2] Due to the summary and informal nature of Small Claims Proceedings, no answer is required; and the failure to file an answer does not waive any defense, either affirmative or negative. *Ryans Rest.*, 949 F. Supp. at 383 ("[T]here is no requirement in the Small Claims Division under [the Small Claims Rules] to submit an answer or other responsive filing . . . ."); *see generally Wilkinson v. People*, 79 V.I. 976, 1010–11 (V.I. 2025) (Swan, J., dissenting) ("'An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.' 'The difference between a general defense and an affirmative defense is that a general defense negates an element of the plaintiff's prima facie case, while an affirmative defense excuses the defendant's conduct even if the plaintiff is able to establish a prima facie case.'" (quoting *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005); *Donohue v. Am. Isuzu Motors, Inc.*, 155 F.R.D. 515, 518 (M.D. Pa. 1994); citing *Crenshaw v. City of Wetumpka*, Nos. 2:15-CV-413-WKW& 2:15-CV-696-WKW, 2017 WL 4330776, at *3 (M.D. Ala. Sept. 29, 2017); *Mark v. Labar*, No. 08-80646-CIV, 2009 WL 909478, at *2 (S.D. Fla. Apr. 1, 2009))); *see also Gerace v. Bentley*, 77 V.I. 50, 72–73 (Super. Ct. 2022) *aff'd in part, rev'd in part and remanded sub nom, Mosler v. Gerace*, 78 V.I. 649 (V.I. Super. Ct. 2024) ("[N]ot every defense is affirmative. 'A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense.' Defenses that attack the plaintiff's complaint are called negative defenses. 'A negative defense is an attack on the plaintiff's prima facie case, for example, a defense of no causation to a negligence claim. As one court put it, a negative defense is the equivalent of a defendant saying, I did not do it.' 'Indeed, it is well settled that a defense which points out a defect in the prima facie case is not an affirmative defense. These defenses are sometimes referred to as 'negative' defenses because they are simply an attack on a party's prima facie case.'" (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); Hon. Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 152, 160 (2013); *Gomez v. Bird Auto., LLC*, 411 F. Supp. 3d 1332, 1339 (S.D. Fla. 2019); citing *In re: Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988))).

[3] Factual allegations in pleadings and court filings constitute judicial admissions of the party who submitted the pleading or court filing. *Walters v. Walters*, 60 V.I. 768, 775 n.7 (V.I. 2014) ("Although 'unsworn representations of an attorney are not evidence,' an attorney's client may nevertheless be bound by such statements under the doctrines of judicial admissions and judicial estoppel. (quoting *Dennery I*, 55 V.I. at 994; and citing *Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 133 (V.I. 2009), *overruled in part on other grounds by Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564 (V.I. 2012); *Sobratti v. Tropical Shipping & Constr. Co.*, 267 F.Supp.2d 455, 463 (D.V.I. 2003) ("Hence, a party is precluded from retreating from a factual claim, which he affirmatively asserted in support of [their] cause of action, simply to avoid summary judgment.") (collecting cases))); *see* V.I. R. EVID. 201(c)(1), (d); *Williams II*, 78 V.I. at 704; *Pedro*, 63 V.I. at 525 (Gomez, D.J., concurring in part). Therefore, the allegations in a Small Claims Complaint constitute factual admissions on the part of a Small Claims Plaintiff.

[4] The Virgin Islands Supreme Court has directed that the allegations of a Small Claims Complaint are to be read and interpreted as follows, "look at the factual substance of the [allegations and/or] testimony of *pro se* Small Claims parties and consider legal theories that might be implicated . . . ." *Penn v. Mosley*, 67 V.I. 879, 892-93, 897 (V.I. 2018) (citing *Cape Air Int'l v. Lindsey*, 53 V.I.604, 619 (V.I. 2919)); *e.g., St. Thomas Cargo & Ship Servs., Inc. v. Braga*, 2025 VI Super 40, ¶¶2-7.

trespasses due to wastewater overflow had ended well prior to the commencement of this Case. However, at the Small Claims Trial, Plaintiff orally sought an injunction to prohibit Defendants from resuming the use of this wastewater storge facility.

¶7    On April 8, 2025, a Small Claims Trial was held at which both Parties were present and sworn. The Magistrate Judge then continued the trial for an in-person hearing on Tuesday July 1, 2025, at 10:00 a.m. in Courtroom III, Magistrate Court, Barbel Plaza South, St. Thomas, Virgin Islands, before the Honorable Magistrate Judge Paula D. Norkaitis. The Parties were further ordered to submit all evidence or documentation in support of their claims no later than Friday June 27, 2025.

¶8    A review of the file reveals that Defendants submitted a document from DPNR dated June 17, 2025, which indicated that no discrepancies were observed and that work can continue, and that Defendants (1) just need to backfill sand around septic area where erosion occurred; and (2) lifted the citation previously issued.

¶9    On July 1, 2025, both Parties were present and after hearing limited testimony, the Magistrate Court determined that the case needed to be transferred to the Regular Civil Division of the Superior Court. In the transfer order, regarding the Trespass claim, it was noted that "Plaintiff testified that the water seepage stopped on June 10, 2025, but requested that the Court enter an injunction against Defendants because as soon as Defendants turn on certain water access the overflowing and damages will continue." In support of the Trespass claim, the Court acknowledged that "Plaintiff [had] information from a plumber and private construction contractor as to their analysis of damages and causes." Also, "Defendant Glenville Thompson provided a

**2026 VI Super 7U**

June 17, 2025 document from DPNR lifting the previous citation of January 24, 2025, and noting 'Just needs to backfill soil around septic area where erosion occurred.'"

¶10 Regarding the Injunction claim, in response to Defendant's proffer of evidence of remediation of the causes of the wastewater seepage, "Plaintiff disagreed with DPNR's finding and demanded further information from DPNR."

¶11 The Magistrate Judge concluded, "In the instant matter, preliminary testimony provided ample evidence for this Court to determine that this matter cannot be heard within the limited bounds and summary procedures of the Small Claims Division." "The Court cannot determine the extent of Plaintiff's damages, which Plaintiff states are ongoing beyond Plaintiff's initial $10,000 damage claim." "Plaintiff seeks an injunction against Defendant, which this Court does not have authority to issue. Accordingly, the Court finds that it does not have jurisdiction over this matter and finds good cause for a transfer."

## ANALYSIS

¶12 This matter is before this Court on an order of transfer because "the amount of testimony and documentation required to resolve this matter adequately and justly is well beyond the scope of this Court, which is designated to provide a 'simple [and] speedy resolution to minor matters that do not rise to the level of regular civil matters.'"[5]

¶13 The Virgin Islands Supreme Court has established that the first step in determining if a Small Claims Complaint has stated a cause (or causes) of action within the limited and specific Small Claims Subject Matter Jurisdiction is to, "rather than [blindly accept] the legal terminology used by a party when . . . review[ing a Small Claims Complaint,] the [Court] is cautioned to look

---

[5] Transfer Order (quoting V.I. SM. CL. R. 1(d)).

**2026 VI Super 7U**

at the factual substance of the [allegations and/or] testimony of *pro se* Small Claims parties and

consider legal theories that might be implicated . . . ."[6] From the allegations and testimony in this

Case, sewage flowing downhill from a septic tank is reasonably understood as pleading an action

for Trespass.[7] The Magistrate Judge in the transfer order found that Plaintiff had also, at least,

attempted to orally assert a claim for an injunction. The Court will consider both claims in turn.

## I.  Trespass Claim

¶14    The Virgin Islands Supreme Court has held the elements of Trespass to be the following:

> a plaintiff claiming trespass has the burden of proving that the defendant
> intentionally (a) entered land in the possession of the other, or caused a thing or a
> third person to do so, or (b) remained on the land, or (c) failed to remove from the
> land a thing which he was under a duty to remove.[8]

Plaintiff utilized the Small Claims Complaint and, therein, limited the damages sought to $10,000

or less.[9] The Magistrate Division could have applied the elements of trespass to the facts and then

determined the Plaintiff's damages.

¶15    Notably, "trespass victims may have damages for injury to the land calculated using

methods other than the diminished value rule."[10] "While special damages compensate for the

unusual results of a plaintiff's injury, general damages ordinarily accompany a particular cause of

---

[6] *Penn v. Mosley*, 67 V.I. at 892-93, 897 (citing *Cape Air Int'l v. Lindsey*, 53 V.I.604, 619 (V.I. 2919)).

[7] Notably, Plaintiff judicially admits that the water seepage has abated, making a claim of Nuisance inapplicable.

[8] *Klein v. Bassil*, 78 V.I. 593, 610 (V.I. ) (quoting *Hodge*, 50 V.I. at 306; citing RESTATEMENT (SECOND) OF TORTS § 158 (1965)); see also *Virgin Islands Waste Mgmt. Auth. v. Bovoni Invs.*, LLC, 61 V.I. 355, 364–65 (V.I. 2014) ("'[W]here the interference with property rights is only temporary, casual, or intermittent, without any permanent use or appropriation or destruction of an existing right, there is a mere trespass and not a taking.'" (quoting *Stewart v. State*, 669 N.Y.S.2d 723, 724 (N.Y. App. Div. 1998); citing 51 N.Y. Just. 2d Eminent Domain § 88; *American Woolen Co. v. State*, 187 N.Y.S. 341, 345 (N.Y. App. Div. 1921); *Carr v. Town of Fleming*, 504 N.Y.S.2d 904, 906 (N.Y. App. Div. 1986))).

[9] Use of a Small Claims Complaint creates a presumption of Small Claims Subject Matter Jurisdiction. *Braga*, 2025 VI SUPER 40, ¶ 16 ("By using the Small Claims Complaint provided by the Court, a plaintiff enjoys a presumption of compliance with Rule 2(a)(1).").

[10] *Myers v. Derr*, 50 V.I. 282, 288 (V.I. 2008) (citing *Benton Gravel Co. v. Wright*, 175 S.W.2d 208 (Ark.1943); *United States Steel Corp. v. Benefield*, 352 So.2d 892 (Fla.Dist.Ct.App.1977))).

**2026 VI Super 7U**

action. Unlike special damages, a plaintiff need not specifically plead each type of general damages, but rather may recover under a general allegation of damages."[11] "[T]he damages for a trespass or encroachment are the injury to the land itself, the loss of use of the land, and the discomfort and annoyance from not being able to occupy the land."[12] In a claim for Trespass, "damages [can] properly [be] characterized as damages[, *inter alia*,] for loss of use of the land or for discomfort and annoyance. [T]hese are general damages that typically flow from a trespass claim, and [are,]therefore implied by law," and need not be specifically pled.[13] The Plaintiff "was entitled to damages for loss of use of [the subject] property . . ., discomfort and annoyance from not being able to occupy [the] property during that period, and discomfort and annoyance suffered as a result of" overflowed sewage."[14] Although "the trial court expressed concern [about calculating damages,] general damages are implied by law, and thus a defendant has constructive notice that they are being sought even if the plaintiff does not request them in the complaint."[15]

¶16 Small Claims Plaintiffs must limit their damages claim to $10,000 or less. Based on the Supreme Court's holding on damages from Trespass to land, the Small Claims Complaint properly pled a Trespass claim and sought the damages usually associated with such a claim. So long as the Magistrate Division articulated facts that logically and rationally supported its damages calculation, such a factual determination would not be overturned as either clearly erroneous or unsupported by any evidence.[16] More importantly, nothing about this determination appears

---

[11] *Id.* at 291 (citing *Roberts v. Graham*, 73 U.S. 578, 579 (1867); *Meyers v. Moody*, 693 F.2d 1196, 1214 (5th Cir.1982); *LINC Finance Corp. v. Onwuteaka*, 129 F.3d 917, 922 (7th Cir.1997); *Suarez Matos v. Ashford Presbyterian Community Hosp.*, 4 F.3d 47, 52 (1st Cir.1993); Fed. R. Civ. P. 54(c))).

[12] *Id.* at 292 (citations omitted).

[13] *Id.* at 293.

[14] *Id.* at 294 (citations omitted).

[15] *Id.* at 294 (citations omitted).

[16] *See, e.g., Penn*, 67 V.I. at 892-93 (reviewing a Small Claims appeal for sufficient evidence).

**2026 VI Super 7U**

overly complicated or requiring discovery,[17] which indicates that the transfer order may have been issued in error.

¶17    However, before making such a ruling, the Court must also consider whether Plaintiff properly raised an injunction claim in the Small Claims Proceeding. If there was, the Small Claims Division lacked subject matter jurisdiction to consider equitable claims; and transfer may have been appropriate.

## II.    Injunction

¶18    Initially, it should be noted that Plaintiff did not request in writing an injunction. Plaintiff neither requested an injunction in the Small Claims Complaint nor filed a motion for such—the Pleadings did not expressly contain a claim for equitable relief. Rather, at the Small Claims Trial on the Trespass claim, Plaintiff became concerned that the remedial measures admittedly taken by Defendants were inadequate and that resumption of the use of the septic tank would again result in Trespass to his land going forward.

¶19    "[S]ection 111 of title 4 of the Virgin Islands Code creates a Small Claims Division of the Superior Court that may only consider uncomplicated civil cases with an amount in controversy of $10,000 or less."[18] While Small Claims Proceedings are informal and the rules of procedure are generally suspended, the absence of an injunction claim in the Small Claims Complaint is a factor that weighs against the determination that this matter was appropriate for transfer to the

---

[17] In the Transfer Order, it states the following, "Plaintiff's argument regarding Defendants' negligence will require significant additional research, discovery, and deposition of witnesses, such as DPNR, and expert testimony regarding consequences from water, septic, engineering, and construction." The Court does not find that a negligence claim was pled, and the Trespass claim is not complicated requiring discovery and depositions.

[18] *Braga*, 2025 VI Super 40, ¶14 (citations omitted); 4 V.I.C. § 111 (Small Claims Proceedings are "informal and summary as is consistent with justice."); 4 V.I.C. § 112(a) ("The small claims division of the Superior Court has jurisdiction of all civil actions, concurrently with the civil division of the said court, wherein the amount in controversy does not exceed the sum or value of $10,000, exclusive of interest and costs.").

**2026 VI Super 7U**

General Jurisdiction Division, especially since none of the Parties had availed themselves of any of the multiple methods of transfer and had not retained counsel.

¶20    At the time of the Small Claims Trial, there was no written claim for injunction before the Court; and DPNR was not a party to the proceeding. With this background, the question is what was the course of conduct most consummate with the goals of Small Claims Proceedings when the Plaintiff orally asserted that subsequent remedial measures were inadequate and expressed a desire that use of the septic tank enjoined?

¶21    Recently, in *Magras v. Gibs*, this Court addressed a very similar factual scenario. In that case, the Small Claims Complaint named two defendants. There were no factual allegations in the complaint identifying the defendants as employed by or acting on behalf of the Government, and neither the named defendants nor the Government supported the motion for transfer with a factual declaration under penalty of perjury or evidence capable of judicial notice. Recognizing that the facts presented a truly unique and exceptional set of circumstances, the Court remanded that case back to the Small Claims Division to make findings of fact in the first instance that would rebut[19] the presumption of Small Claims Subject Matter Jurisdiction created by a Small Claims Plaintiff's use of the Small Claims Complaint.[20]

¶22    The Court reasoned as follows, "if the Court is to preserve the purposes of Small Claims Proceedings, [there must be] adequate factual support [justifying transfer out of the Small Claims Subject Matter Jurisdiction] **prior to** an order of transfer being entered.'"[21] The Court believes a

---

[19] *Magras v. Gibs*, 2026 VI Super 6U, page 10.
[20] *Braga*, 2025 VI SUPER 40, ¶ 16 ("It is legally significant that '[t]he Clerk of Court may issue a form and instructions that, if completed, will satisfy the requirements of [V.I. SM. CL. 2(a)].' . . . By using the Small Claims Complaint provided by the Court, a plaintiff enjoys a presumption of compliance with Rule 2(a)(1)," and, thus, enjoys the presumption that Small Claims Subject Matter Jurisdiction exists. (citation omitted and alterations in original)).
[21] *Gibs*, 2026 VI Super 6U, page 10.

**2026 VI Super 7U**

similar analysis applies here and dictates a similar outcome, as the present facts are unique and quite uncommon; yet, the facts are not so out of the ordinary that they are unlikely to recur.

¶23    Plaintiff's complaint plainly stated a claim for Trespass based upon past action (or inaction) of the Defendants. There was absolutely no dispute that Defendants had taken remedial measures to rectify the leaking septic tank after the dates alleged in the complaint. The Trespass claim was founded upon discrete past conduct of the Defendants and did not involve the question of whether remedial measures were adequate. DPNR and its determination that Defendants' remedial actions were adequate were unrelated and irrelevant to the Trespass claim, a claim for $10,000 or less and properly before the Small Claims Division. The only question that appeared to be in issue was damages, a factual determination for which the Magistrate Division is eminently capable.[22] At the Small Claims Hearing, no party appeared with counsel or requested counsel; and no party requested the matter be transferred.

¶24    The Magistrate Judge faced the question of the proper procedural course when a Small Claims Plaintiff orally asserts a claim for an injunction founded upon facts separate and distinct from the claim (or claims) properly pled and before the Small Claims Division and no party has availed themselves of counsel or a transfer to the General Jurisdiction Civil Division. Under this procedural posture and these facts, it was error for the Magistrate Judge to *sua sponte* transfer the only claim actually asserted in the pleadings—which was also properly within the Small Claims Jurisdiction, --out of the Small Claims Division.

¶25    The proper course would be to uphold the Parties' right to the informality and low cost of a Small Claims Proceeding and determine the Trespass claim based upon the facts pre-dating

---

[22] It is for the Magistrate Judge to determine in the first instance if all the elements of Trespass have been proved.

remedial actions taken by Defendants and, allegedly, approved and found adequate by DPNR. There was no reason for the Court to allow the Small Claims Plaintiff to orally amend the Small Claims Complaint to add a new equitable claim based upon facts distinct and separate from the claim before the Court, especially when the Small Claims Division does not have subject matter jurisdiction to consider equitable claims. Further, as discussed in the preceding section, calculating damages of $10,000 or less based upon the facts alleged to have constituted Trespass by the Defendants is not so complicated as being beyond the competence of the Small Claims Division.

¶26    The Court wishes to acknowledge that the present case and the case of *Magras v. Gibs* are unique and will not commonly recur. Most Small Claims Complaints will contain judicial admissions that the Defendants were acting on behalf of the Government or expressly name the Government. The pleadings in *Magras v. Gibs* were truly unusual in that they contained no such allegations and lacked allegations that allowed for the inference that they were Government employees/officials. Given that use of the Small Claims Complaint creates a presumption of Small Claims Subject Matter Jurisdiction and the absence of judicial admissions establishing the Government was a party, some evidence was required to be produced to rebut the presumption of Small Claims Jurisdiction. Therefore, in *Magras v. Gibs*, it was error to allow the motion to transfer without first requiring the Government to produce the necessary factual support, either by declaration under penalty of perjury or pointing out evidence capable of judicial notice.

¶27    Similarly, most Small Claims Plaintiffs will not assert claims that can readily be factually and legally divided without making the subsequent proceedings overly complicated. Factual allegations are not commonly capable of discrete and distinct division and analysis due to the reality that most human conduct occurs in unbroken chains of thought and action. But, where the

**2026 VI Super 7U**

claims are founded upon discrete sets of facts capable of independent analysis, the Small Claims Division should honor the Parties' choice not to have counsel and determine those claims that are factually within the Court's Small Claims Jurisdiction and factually distinct from claims not within that limited jurisdiction. This precise set of facts and procedure will not likely recur with any frequency.

¶28    At the time of the Small Claims Trial, DPNR was not a party to the proceeding; and no injunction claim was contained in the Small Claims Complaint, even if the Court were to give the allegations the most generous construction possible. No party had counsel, and no Party had requested a transfer, plainly indicating a desire for the informal and low-cost resolution provided for in a Small Claims Proceeding. Under these facts and in response to an oral assertion of a need for an injunction made in the middle of a Small Claims Trial, the Magistrate should have denied the injunction claim without prejudice as being beyond the jurisdiction of the Court and not properly pled and proceeded to determine the factually distinct Trespass claim based upon facts that pre-dated the remediation measures. Therefore, it was reversible error when the Magistrate transferred the only claim that had been pled and was within the presumption of the Court's Small Claims Jurisdiction.

## III.    Appropriate Remedy

¶29    Lastly, the Court must consider the appropriate remedy for this situation. As the Virgin Islands Supreme Court has made clear that "neither parties to litigation nor this Court [are] entitled to disregard the Court's rules—parties cannot disregard courts rules simply because they see it as

convenient,"[23] if the Court were to retain General Civil Subject Matter Jurisdiction over the remaining Trespass claim, it is not entirely certain the Court is permitted to jettison the Virgin Islands Rules of Civil Procedure and the Virgin Islands Rules of Evidence in favor of the informal procedure and reduced burden of proof mandated in a Small Claims Proceeding.[24] Yet, the Trespass claim was properly pled via a Small Claims Complaint; and to date, no Party has requested a transfer to this Division of the Court or retained counsel. Both at the commencement of the Small Claims Proceeding and now, the Trespass claim was (and is) within the subject matter jurisdiction of the Small Claims Division of this Court. Under the present circumstances, the more equitable course for the Parties is to remand this matter to the Magistrate Division so that the Parties may enjoy their right to the informal proceedings proscribed in Small Claims Proceedings.

¶30    Notably, if the Court retained this matter, it would face the choice of either forcing the Parties to endure the time and expense of pre-trial procedures prescribed by the Virgin Islands Rules of Civil Procedure or potentially committing error by disregarding the duly adopted rules of the Court. Remand avoids both issues. This matter will be remanded back to the Magistrate

---

[23] *Stewart v. Virgin Islands Bd. of Land Use Appeals*, 2025 VI SUPER 44U, ¶1 n.4 (citing *Henry v. Dennery* ("*Dennery II*"), No. S.CT.CIV. 2012-0130, 2013 WL 206128, at *2 (V.I. Jan. 11, 2013) (*per curiam*) (unpublished)); *see also Dennery II*, 2013 WL 206128, at *2 (There "is simply no excuse for a single judge setting aside a mandatory court rule that was validly adopted by the Superior Court pursuant to its rulemaking authority."); *see Id.* at *2 ("[T]his Court has repeatedly instructed that parties cannot simply stipulate to the law." (citing *Rohn v. People*, S. Ct. Crim. No.2011–0087, 2012 WL 5901924, at *2 (V.I. Nov. 21, 2012); *Matthew v. Herman*, 56 V.I. 674, 682 (V.I. 2012)).

[24] *See Dennery II*, 2013 WL 206128, at *2 ("[P]arties may not stipulate to an appellate court's application of a different standard of review of a lower court decision." (citing *K & T Enterprises, Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 175 (6th Cir. 1996))); *e.g.*, *Id.* at *2 ("The fact that the Appellate Division believed that proceeding in derogation of Rule 322 in this case would somehow benefit both parties[1] by providing them with additional due process rights is simply no excuse for a single judge setting aside a mandatory court rule that was validly adopted by the Superior Court pursuant to its rulemaking authority.").

**2026 VI Super 7U**

Division so that a Small Claims Trial on the Trespass claim may be had and the claim finally adjudicated.

## CONCLUSION

¶31    The injunction claim has been denied.  The only remaining claim before this division of the Court is a claim that was, due to the use of the Small Claims Complaint, presumptively within the subject matter jurisdiction of the Small Claims Division.  Because this matter was improperly transferred, it is remanded back to the Magistrate Division for a determination of Plaintiff's Trespass claim in accordance with the law applicable to Small Claims Proceedings.

Accordingly, it is hereby

**ORDERED** that this matter is remanded back to the Magistrate Division; and it is further

**ORDERED** that the Magistrate Division shall schedule a Small Claims Trial as soon as reasonably practicable in light of its calendar; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATED: February 10, 2026

ATTEST:

**HONORABLE SIGRID M. TEJO**
Judge of the Superior Court of the Virgin Islands

**TAMARA CHARLES**
Clerk of the Court

BY:

**DONNA D. DONOVAN**
Court Clerk Supervisor 02 / 12 / 2026